## Western Union Telegraph Co. v. Cyrus N. Trotter.

1. TELEGRAPH COMPANIES—*Limit of Free Delivery.*—A rule of a telegraph company limiting the free delivery in towns of less than 5,000 inhabitants to one-half of a mile from its office, is reasonable.

Memorandum.—Action for damages; failure to deliver a telegram; In the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

*Rule of the company :*
· "*Free Delivery Limits.*—Messages will be delivered free within a radius of one-half mile from the office in any city or town of less than 5,000 inhabitants, and within a radius of one mile from the office in any city or town of 5,000 or more inhabitants. Beyond these limits only the actual cost of delivery service will be collected; the manager will, however, see that such cost is as reasonable as possible."

WILLIAM L. GROSS, attorney for appellant.

H. S. TANNER and E. G. ROSE, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Appellee recovered a judgment against appellant for $134.09 for failing to deliver a telegram addressed to him by a commission firm in Chicago. Appellee was a farmer, residing a mile and a quarter from the village of Kansas. Having some marketable cattle which he wished to sell he wrote to the commission firm for information and they sent him the telegram in question. They did not know whether he lived in the village or what arrangements he might have made for having a telegram delivered to him and paid merely for its transmission to Kansas. The operator did not know the appellee but made effort to find him within the village and failed to do so. He learned, however, where he lived, and it being beyond the free delivery limits, did nothing further. The appellant having heard in some indirect way that there was a telegram for him, called at the office and received it. In the meantime, not having heard from this commission firm, he had sent his cattle to another firm.

The claim is that if he had received the telegram promptly he would have sent the cattle in response thereto by the first train and would have realized a higher price than that received. The verdict represents the alleged difference. The telegram was received at Kansas at 1:10 P. M., July 5, 1892. It did not reach the hands of appellee until the 9th.

It appears that by a rule of the company the free delivery limit for a town of less than 5,000 inhabitants was one-half mile from the office.

It is urged on the one side that this is a reasonable rule and that it should be enforced, and on the other that whether reasonable or not it does not appear that the sender or the appellee knew of it, and so it is not binding on either. The rule is reasonable, and not only so, but it is a matter of common knowledge among business men that there is always a limit for the free delivery of messages.

The trouble here was that the appellee did not expect a reply by wire. He went to the post office daily, but as he

had not instructed the commission men to telegraph him it did not occur to him that they would, and they not knowing that he lived beyond the limit, made no arrangement with the company for delivery of the message. Hence it was bound to do no more than it was paid for, that is, transmit the message to the designated office and there make reasonable effort to deliver it within the free limit.

It is argued that the agent should have known from its terms, that it was a message of importance, but this did not require him to go beyond the limits of free delivery. If he inferred that the message was of unusual importance, he must also have inferred that the appellee was expecting it, and not living within the limits, would call for it. At any rate, such a conclusion on his part would have been reasonable.

We are of the opinion that the case shown by the proof did not justify the judgment, which will therefore be reversed and the cause remanded.