## Western Union Telegraph Company v. Joe Redinger.

Decided December 9, 1899.

**1. Telegraph Company—Delivery Beyond Free Limits.**

A telegraph company can limit its liability to deliver messages within certain territory, and when the contract contains such a stipulation the failure to deliver to the addressee in person beyond such limits creates no liability; and evidence is not admissible to show, where the addressee (a railway employe) was outside such limit, that if the company had inquired of the roundhouse foreman he would have told them where to forward the message.

**2. Same—Charge of Court.**

Where the evidence in such a case showed that the addressee was outside the free delivery limits, so that a delivery to him in person could not be made, it was error for the court to charge, abstractly, that if defendant negligently failed to deliver the message within a reasonable time the jury should find for plaintiff, as this may have led them to believe, in view of all the evidence admitted, that defendant was liable for not ascertaining the addressee's whereabouts and delivering to him beyond such limits.

Appeal from Fannin. Tried below before Hon. A. P. Park, Special Judge.

*Wilkins, Vinson & Batsell,* for appellant.

*Wheeler & Evans* and *Agnew & Duncan,* for appellee.

Rainey, Associate Justice.—This action was brought by appellee to recover damages of appellant for the alleged negligent failure to deliver to him a telegraph message sent by his brother from St. Paul, Kansas, to him at Bonham, Texas, informing him of his mother's serious illness, which negligence prevented him from being present at her death and burial. The petition shows in substance that plaintiff was in the employ of the Texas & Pacific Railway Company as locomotive fireman, and at the time the message was received at Bonham, to wit, 1:15 p. m., February 19, 1898, he was out on his run and did not return to Bonham until about 4 p. m. of the next day, when he called at the office of defendant and received the message; that then not knowing whether his mother was living or dead, he immediately sent a message to his brother inquiring of her condition, to which he received an answer at 10 a. m., February 21st, informing him that she had died at 7 p. m. the night before. That upon receipt of the last message he immediately started for St. Paul by the most expeditious route of travel, but when he reached there his

mother had been buried. That his home was in Bonham, and that he boarded at the Crockett House, where he was well known, and the proprietor of which was duly authorized to receive all and any mail or telegram sent to him; and if defendant's agent had informed the proprietor or clerk of said hotel, he would have received said message, paid all charges thereon, and had it forwarded to him at Fort Worth, etc.

It was further alleged that defendant was negligent in failing to deliver the message to the foreman of the roundhouse at Bonham, in the free delivery limits, by whom the message would have been received and delivered to plaintiff. That had said message been delivered either to said foreman or said hotel proprietor, plaintiff would have received said message in time to have reached his mother before her death. It was further alleged that had defendant's servants notified either the proprietor of the Crockett House or the foreman of the roundhouse they would have informed defendant's agent as to plaintiff's whereabouts and how to deliver said message to him promptly, and would have paid or guaranteed all charges, if any, necessary for that purpose.

The defendant answered by general and special demurrer, general denial, and specially, that under the contract defendant was only bound to deliver messages within the free delivery limits of its office at Bonham, which were one mile each way, and that no extra amount was paid or guaranteed for a greater distance; that plaintiff was beyond said limits at the time said message was received, and so remained until it was too late to deliver said message within its free delivery limits, in time for him to reach his mother before her death. That its office hours at St. Paul and Bonham were from 8 a. m. until 8 p. m. each day. Also contributory negligence on the part of the plaintiff and brother in failing to pay or guarantee extra charges for delivery beyond the free delivery limits. Plaintiff recovered, and defendant appealed.

Appellant complains of the action of the trial court in overruling its special demurrer to that part of plaintiff's petition which charged it with negligence in failing to ascertain the whereabouts of plaintiff outside of its free delivery limits in Bonham and forwarding the message to him. Also in admitting testimony, over its objection, to the effect that had defendant's servants informed the foreman of the roundhouse of the message, he would have told them where they could forward it to him, plaintiff, and he, the foreman, would certainly have informed them of plaintiff's whereabouts and where he could have been found on that day.

The evidence on the trial substantially established the material allegations of plaintiff's petition as to the message being sent and received, as to his boarding in Bonham at the Crockett House, and being in the employ of the Texas & Pacific Railway Company in the capacity of fireman and under the supervision of the foreman of the roundhouse; as to his being away from Bonham out on his run the day the message was received at Bonham; as to his not returning until late in the evening of the next day, and that the proprietor of the Crockett House and the foreman would have informed the defendant's servants of plaintiff's where-

abouts, so defendant could forward the message to plaintiff, or they would have received and forwarded the message to plaintiff had it been delivered to either of them, or had they been informed of its contents. One provision of the contract under which appellant undertook the transmission and delivery of the message limited its liability to deliver the message within the free delivery limits of Bonham, which limits extended one mile each way from appellant's office in Bonham, there being no extra compensation paid or guaranteed to deliver same beyond said limits.

It is well settled law that a telegraph company can limit its liability to deliver messages within certain territory, and when the contract contains such a stipulation, the failure to deliver to the addressee in person beyond such limits creates no liability. The allegations in plaintiff's petition excepted to sought to make defendant liable for the nonperformance of an act, that is to deliver beyond its free delivery limits, which it was under no obligation to perform. The evidence admitted over defendant's objection was introduced evidently for the purpose of establishing such allegations, that is, to fix liability for failure to deliver the message beyond the free delivery limits. What effect the admission of this evidence had upon the jury we are unable to say. There is nothing in the record which shows that it did not influence the jury in arriving at a verdict. We must therefore hold that its admission is reversible error. While the court erred in not sustaining the special demurrer alluded to, we are not prepared to say that such error would have caused a reversal had not the evidence above referred to been introduced.

The appellant also complains of the second and fifth paragraphs of the ocurt's charge, the contention being that they authorized the jury to find for plaintiff if defendant was negligent in failing to deliver the message to plaintiff in person within a reasonable time, when the evidence showed plaintiff was at the time beyond the free delivery limits and a delivery in person could not be had. The court in said second paragraph of its charge, in effect, charged the jury that if the defendant negligently failed to deliver to plaintiff the message within a reasonable time, which prevented him from reaching his mother before her death or attending her funeral, to find for plaintiff. The court in the fifth paragraph instructed the jury that, "If you find from the evidence that the defendant used due care and diligence to find plaintiff in order to deliver said message to him, you will find for the defendant." Abstractly considered, these paragraphs of the charge were correct, but when considered in connection with the evidence adduced it can not be said that they were not harmful, in that they may have, under the evidence, led the jury to believe that defendant was liable for not attempting to ascertain plaintiff's whereabouts and deliver the message to him beyond the free delivery limits. The evidence being uncontradicted that plaintiff was out of town and the message could not be delivered to him in person within the free deilvery limits, the negligence of defendant, if any, consisted in failing to deliver the message to plaintiff's agents, if any he had, in Bonham. This being the issue raised by the evidence, the charge should have been con-

fined to applying the law thereto. It is true the court in the fourth paragraph of its charge properly instructed the jury, in substance, that plaintiff being out of town when the message reached Bonham, defendant was not obliged to carry the message beyond its free delivery limits without extra compensation; and properly applied the law to the evidence in reference to defendant's duty in the event plaintiff had an agent in town to whom the message could have been delivered. While this charge is correct, yet we are of the opinion it did not overcome the vice contained in paragraphs 2 and 5 of the charge under the particular facts and circumstances of this case.

As before stated, the charge should have been confined to the question whether or not defendant's servants were negligent in failing to deliver the message to those, if any, in Bonham who were authorized to receive the same for plaintiff. This was the issue made by the evidence under the pleadings, and one for determination by the jury. Tel. Co. v. Mitchell, 91 Texas, 454; Tel. Co. v. Clark, 38 S. W. Rep., 225.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*