## BRASINGTON v. SOUTH BOUND R. R. CO.

1. RAILROADS—NEGLIGENCE—EVIDENCE.—A MUNICIPAL ORDINANCE may be introduced in evidence without pleading to show negligence by showing that the railroad company had violated it.

2. PUNITIVE DAMAGES—PLEADINGS—MUNICIPAL ORDINANCE.—A COMPLAINT charging that defendant "wantonly, carelessly, recklessly and negligently" omitted to do acts imposed on it by a municipal ordinance, states facts upon which punitive damages may be awarded.

3. CHARGE—REQUEST—NEGLIGENCE—HIGHWAYS—STREETS.—An instruction that any party who makes an excavation in a public highway or street and carelessly and negligently fails to provide proper safeguards * * * is liable in damages to any person injured by reason of such excavation, correctly states the general proposition of law applicable to such facts, and he who desires the jury instructed as to any of the limitations of such doctrine should submit a request therefor.

4. CHARGE—MUNICIPAL ORDINANCES.—To instruct the jury in construing a municipal ordinance that the city council had the power to pass the ordinance, and it is binding on defendant, without leaving to the jury the question of promulgation, is not a charge on the facts, when this charge is considered in its entirety, and where the objection to the introduction of the ordinance in evidence was that it was not pleaded.

5. PUNITIVE DAMAGES may be awarded wherever it is shown to the satisfaction of the jury by the preponderance of the evidence that the negligent acts were committed in "gross negligence or recklessness, or wanton disregard of the rights of others."

6. DAMAGES.—THE INSTRUCTION complained of here was intended to inform the jury that they could give the injured party compensation for pain suffered in the past, and such as in the ordinary course of nature he would suffer in the future, and such expenditures and

pecuniary losses as he has sustained to time of trial, but not that they could consider expenditures which he would be required to make in the future.

Before TOWNSEND, J., Richland, March, 1900. Affirmed.

Action by James L. Brasington against South Bound Railroad Company. From judgment for plaintiff, defendant appeals.

*Mr. Wm. H. Lyles*, for appellant, cites: *As to pleading municipal ordinances:* 34 S. C., 541; 1 Dill. Mun. Corp., 4 ed., sec. 346; 54 S. C., 496; 15 Ency. P. & P., 424; 1 Elliott on R. R., sec. 1698. *No court except of the city can take judicial notice of ordinances:* 15 Ency. P. & P., 425, note 3; 48 Kan., 430; 12 Ency., 1 ed., 168; 17 Ency., 1 ed., 937. *Gross negligence or recklessness as basis of punitive damages must be proved by preponderance of evidence:* 60 S. C., 74. *As to the measure of damages:* 1 Sedg. on Dam., sec. 86; 66 Ga., 259; 1 Suth. on Dam., p. 187.

*Messrs. Jno. P. Thomas, jr.,* and *M. L. Smith,* contra, cite: *Evidence of violation of an ordinance is competent on question of damages, though not pleaded:* 18 Mo. App., 385; 84 Mo., 121; 15 Ency., 427; 52 S. C., 329; 58 S. C., 74; 47 S. C., 28; 11 S. C., 292; 14 Ency. P. & P., 333. *The allegations of the complaint present a case for punitive damages:* 60 S. C., 74, 48. *To ascertain if there be error in an instruction, whole charge must be construed together:* 29 S. C., 7, 35; 33 S. C., 97. *Violation of a statutory duty is negligence per se:* 58 S. C., 228; 53 S. C., 124; Abbott's Trial Evidence, 590; 39 L. R. A., 112; Spear. and Redf. on Neg., sec. 13. *An exception must specify particular error:* 58 S. C., 97; 24 S. C., 280; 27 S. C., 44. *Jury may award punitive damages where there is evidence of gross negligence or recklessness, or wanton disregard of the rights of others:* 60 S. C., 74; 54 S. C., 507; 33 S. C., 435; 57 S. C., 233; 51 S. C., 304; 52 S. C., 344. *Construction of charge:* 22 S. C.,

477; 60 S. C., 52; 16 S. C., 578; 21 S. C., 400; 22 S. C., 164, 191; 41 S. C., 452; 37 S. C., 344. *Measure of damages:* 8 Ency., 2 ed., 643.

January 20, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. The above entitled action was commenced on the 15th of March, 1900, for the recovery of damages for injuries alleged to have been sustained by the plaintiff, by falling into a cut excavated by the defendant in building its line of railway through the city of Columbia, at the point where said line crosses Laurel street. The specifications of negligence are thus alleged in the complaint: "That the defendant did carelessly, wantonly, recklessly and negligently, and in disregard of the provisions of said ordinance and of the duty which it owed to passengers on said streets and sidewalks, permit said excavation or cut in and across Laurel street to remain unguarded and without any fence, railing, guards or other structures to prevent accidents at the sides of said excavation or cut; and wantonly, recklessly, carelessly and negligently omitted to fix and keep any lights near said excavation or cut, and in like manner omitted to erect any bridge or other crossing on said street and on the sidewalks thereof; and wantonly, carelessly, recklessly and negligently made said excavation or cut more than twenty feet below the grade of said Laurel street at the crossing and more than twenty-five feet across the top, in open and direct violation of the plain provisions of said ordinance and in disregard of the express conditions upon which said company was authorized to occupy and use the said street and make excavations and cuts therein." The jury rendered a verdict in favor of the plaintiff for $3,000.

The defendant appealed upon exceptions, the first of which is as follows: "1. Because, against the objection of the defendant, his Honor, the presiding Judge, allowed the plaintiff to introduce sec. 101 of the revised ordinances of the city of Columbia, reading as follows, to wit: 'Excavations in any

street or alley shall be securely covered at all times when persons are not at work therein; and such excavations, when made for the purpose of laying gas or water pipes, shall have the earth new rammed when closing the same, and the street left in as good condition as before said excavations, under penalty of five dollars, to be collected from the party ordering the excavation to be made;' when said ordinance had not been pleaded, and the same was irrelevant and incompetent and tended to establish a breach of duty on the part of the defendant which had not been alleged in the complaint." It is true, Mr. Chief Justice McIver, in *City Council* v. *Ashley Phosphate Co.,* 34 S. C., 550-551, says: "It is true, that the complaint does contain an allegation that 'the plaintiffs, on the 27th day of December, 1888, for the purpose of raising a revenue and in exercise of the taxing power, passed an ordinance entitled "An ordinance to regulate licenses for the year 1889," whereby, *inter alia,* it is provided that phosphate rock, mining or manufacturing companies or agencies engaged or intending to engage in business in said city, shall, on or before the 20th day of January, A. D. 1889, obtain each a license therefor, and shall be required each to pay for the same the sum of $500.' But there is no allegation that such ordinance, thus referred to by date and title, contained any provision authorizing the enforcement of the payment of such license fee by suit or otherwise, as the act above referred to authorized; nor is there any allegation that such ordinance contained no provision at all for the enforcement of such payment. The reference to this ordinance by date and title is not sufficient, for, as is said in I. Dill, Mun. Corp. (4th edit.), sec. 346, 'The Courts, unless it be the courts of the municipality, do not judicially notice the ordinances of a municipal corporation, unless directed by charter or statute to do so. Therefore, such ordinances when sought to be enforced by action, or when set up by the defendant as a protection, should be set out in the pleading. It is not sufficient that they be referred to generally by the title or section,' though probably they

need not be set out *in haec verba,* a statement of the substance with reference to the date, title and section being sufficient. See, also, *Information* v. *Oliver,* 21 S. C., 323. Here, however, there is no allegation that the ordinance in substance provides for the enforcement of the payment of the license fee by action. It seems to us, therefore, that the allegations in this complaint are not sufficient to constitute the cause of action sought to be enforced therein; but that a further allegation was necessary for that purpose, either to the effect that provision had been made in the ordinance, as authorized by the act of 1881, *supra,* for the enforcement of the payment of such license tax by action, or that no provision whatever had been made for that purpose, which would have raised the question whether, in the absence of any provision at all, the Court of Common Pleas, by virtue of its general jurisdiction, could enforce a right *conferred by an ordinance of a municipal corporation by* an ordinary action, where no other mode of doing so has been provided by the ordinance." But in that case the ordinance was the foundation of the plaintiff's cause of action, and the rule there stated does not apply in other cases. In *Nohrden* v. *R. R. Co.,* 54 S. C., 496, Mr. Chief Justice McIver points out this distinction, when he says: "The second ground upon which this motion is based, or rather the second defect in the statements of the complaint relied on to support the motion, is in the failure to state in paragraph 2 of the third cause of action certain facts, cannot be sustained. The defect relied on is the failure to state 'the title, date and authority for passage and publication of the alleged revised ordinances of the city of Charleston, and the substance of the alleged section 605 thereof, and the same with regard to the alleged amendment thereto referred to' in said paragraph. This is not an action to enforce the performance of any duty imposed by an ordinance of the city of Charleston, or to enforce the payment of any tax or penalty imposed by such ordinance, but the cause of action here is the negligence of the defendant company resulting in the death of the intestate, and the ordinances of

the city are only referred to as showing such negligence. The case of *City Council* v. *Ashley Phosphate Co.,* 34 S. C., 541, relied on by counsel for appellant, does not, therefore, apply to this case." If the rule laid down in the case of City Council *v.* Ashley Phosphate Co. had been applied in the case of Nohrden *v.* R. R. Co., the objection to the ordinance would have been sustained. In 15 Enc. of Pl. & Pr., 427, under the head of "violation of ordinances relied on as negligence," it is said: "It is, of course, unnecessary to plead the ordinance when the action is not founded upon it; but, nevertheless, in such cases it is, in some jurisdictions, admitted in evidence on the question of negligence." This exception is overruled.

The second exception is as follows: "2. Because, against the objection of the defendant, the plaintiff was allowed to introduce in evidence sec. 347 of the revised ordinances of the city of Columbia, as follows, to wit: 'In order to provide for the safety of the public at places where the tracks of the steam railroad companies cross the streets of the city of Columbia, it shall be the duty of said companies to station during the daytime at such crossings as in the judgment of the city council the public safety may require, to be designated by city council, a flagman, whose duty it shall be to show a red flag whenever a train may be approaching or crossing such streets; and it shall also be the duty of said companies to provide and maintain at such crossings a good and sufficient light, to burn from thirty minutes after sunset until one hour before sunrise,' when it had not been pleaded, and was irrelevant and incompetent and tended to establish a breach of duty on the part of the defendant, which had not been alleged in the complaint." This is disposed of by what has just been said, and is overruled.

The third exception is as follows: "3. Because his Honor charged the jury as follows, to wit: 'The complaint in this case has that form—it is for punitive damages—it is drawn in that form. * * * The damage it sets forth in a manner which would call for punitive damages, provided all the facts, material facts, are proven to the satisfaction

of the jury;' thereby indicating (1) that although the complaint contained no allegation of wilful or intentional injury on the part of the defendant, it, nevertheless, alleged the damage in a manner 'which would call for punitive damages;' and (2) thereby indicating that if the facts alleged in the complaint were proven to the satisfaction of the jury, it would be their duty to give punitive damages." In *Watts* v. *R. R. Co.*, 60 S. C., 74, Mr. Justice Jones says: "In the fourth paragraph it is alleged that the plaintiff fell into said cut and was injured 'by reason of the wanton and reckless carelessness and negligence of the defendant in not properly guarding and protecting said excavation, &c.' These allegations we think are sufficient to warrant the charge in reference to exemplary damages. In the Century Dictionary and Encyclopedia, 'wanton' is defined as follows: '2. Characterized by extreme recklessness, foolhardiness, or heartlessness; malicious; recklessly disregardful of the right or of consequence.' A charge that an act was recklessly and wantonly done, or omitted, indicates much more than mere inadvertance, and implies that the wrong-doer has a mind or spirit which though adverting to its duty and the consequences of its breach, yet in unbridled license disregards the same. The language imports a conscious failure to observe due care from which evil intent may be inferred. See *Mack* v. *R. R.*, 52 S. C., 344; *Glover* v. *R. R.*, 57 S. C., 228." This authority as well as others which could be cited disposes of both the subdivisions in said exception.

The fourth exception is as follows: "4. Because his Honor charged, with reference to the defendant's franchises, as follows, to wit: 'But it must observe the regulations of the city also, because the city is chartered by the legislature. The city has certain rights granted to it by its charter, and these rights and charters to the city of Columbia give the right to make certain regulations;' thereby indicating it was the duty of the defendant to observe the provisions of the ordinances of the city which had been introduced in evidence by the plaintiff, although not pleaded in the complaint, and although

no breach of such ordinances was alleged in the complaint."
This exception is disposed of by what has already been said,
and is overruled.

The fifth exception is as follows: "5. Because his Honor
charged the jury, with reference to defendant's third request
to charge, as follows, to wit: 'I charge you that, with this:
that if that includes the observance of the reasonable ordi-
nances of the city, which have been properly promulgated,
then I charge you it is. It is necessary for them to take all
reasonable care under the common law, and it is necessary
to observe an ordinance, if such ordinance of the city has
been properly promulgated; thereby indicating that the jury
could take into consideration the breach of the provisions
of any ordinance of the city which had been properly
promulgated, although such ordinance was not alleged in the
complaint, and no breach of its provisions was alleged."
This is also concluded by the foregoing language, and is
overruled.

The sixth exception is as follows: "6. Because, upon the
request of the plaintiff, his Honor charged the jury as fol-
lows, to wit: 'Any party who makes an excavation in a
public highway or street, and carelessly and negli-
gently fails to provide proper safeguards for the
protection of the public passing along said highways
or streets, is liable in damages to any person injured by
reason of such excavations;' thereby indicating that the mere
fact of carelessly and negligently failing to provide proper
safeguards for such excavation for the protection of the
public passing along the highway or street, would make the
party liable in damages to any person injured by reason of
such excavation, regardless of the fact whether the excava-
tion was known to the party injured and regardless of the
fact whether the party injured was at the time in the proper
use of the highway or street." The charge stated correctly
the general principle of law, and if the appellant desired an
instruction upon the propositions contained in the excep-

tions, requests to charge should have been presented to that effect. The exception is overruled.

The seventh exception is as follows: "7. Because his Honor, upon request of the plaintiff, charged the jury as follows, to wit: 'Under that charter, the mayor and aldermen of the city of Columbia had the power and authority to pass the ordinances which have been introduced in evidence in this case, and such ordinances are valid and binding upon the defendant railroad company in its use and occupancy of the streets of said city;' thereby expressing an opinion on the facts of the case, to wit: that the ordinances in question were valid and binding, regardless of the question whether they had been properly passed and promulgated, and thereby further indicating that the breach of such ordinances, even if properly passed and promulgated, should be taken into consideration by the jury in determining the defendant's liability, although such ordinances were not pleaded and no breach of their provisions alleged." The objection to the introduction of the ordinances in evidence was on the ground that they had not been pleaded, and not that they had not properly been passed and promulgated. His Honor used the language quoted in the exception in giving construction to the ordinances, and without any intention of invading the province of the jury. The charge, when considered in its entirety, sustains this interpretation of his language. The other part of the exception has already been disposed of. This exception is overruled.

The eighth exception is as follows: "8. Because his Honor charged the jury as follows, to wit: 'It is a question of fact for you to say, under the evidence in this case, whether or not the defendant has violated the provisions of the ordinance giving it a right of way through certain streets of the city of Columbia, or, in fact, of any of the ordinances that have been introduced in evidence. I charge you, however, that if you find, from the evidence, that any of the provisions of the city ordinances have been violated, and that the injury complained of resulted from such

violation, then such violation is a circumstance from which negligence may be inferred;' thereby indicating as a fact that the violation of such ordinance would be a circumstance from which negligence might be inferred, and also thereby indicating that the jury might take into consideration the violation of an ordinance not pleaded, when no violation thereof was alleged." We do not think it is longer an open question in this State that the violation of an ordinance is, at least, a circumstance from which negligence may be inferred. The other question raised by the exception has already been considered. The exception is overruled.

The ninth exception is as follows: "9. Because, upon request of the plaintiff, his Honor charged the jury as follows, to wit: 'This is an action for punitive or exemplary damages. In such an action the jury may allow such an amount as they deem proper within the limit of the amount demanded in the complaint, by way of punishment to the defendant, and to deter the defendant and all other persons from the commission of similar wrongs in the future by the example thereby afforded. Punitive or examplary damages are recoverable where there is evidence of gross negligence or recklessness, or wanton disregard of the rights of others;' thereby indicating (1) that although there was no allegation of wilfulness or intentional injury on the part of defendant, that nevertheless, this was an action for punitive or examplary damages; and (2) thereby further indicating that punitive or examplary damages are recoverable where there is evidence of 'gross negligence or recklessness or wanton disregard of the rights of others,' although there was no evidence of wilfulness or intentional injury on the part of the defendant; and (3) thereby further indicating that in such an action it was not necessary that the 'gross negligence or recklessness or wanton disregard of the right of others' should be established by a preponderance of the testimony, but that they could be established by any evidence thereof." The first subdivision cannot be sustained, because

it has been shown that there are allegations of wilfulness or intentional injury on the part of the defendant.

We will next consider subdivision 2, which raises the question that punitive or examplary damages are not recoverable, as there was no evidence of wilfulness or intentional wrong on the part of the defendant.   This was a question for the jury, in view of all the facts and circumstances in the case.    In 16 A. & E. Enc. of Law, 392 and 395, it is said: "The element which distinguishes actionable negligence from criminal wrong or wilful tort is advertence on the part of the person causing the injury.   He may advert to the act of omission of which he is guilty, but he cannot advert to it as a failure of duty—that is, he cannot be conscious that it is a want of ordinary care—without subjecting himself to the charge of having inflicted a wilful injury, because one, who is consciously guilty of a want of ordinary care, is, by implication of law, chargeable with an intent to injure, malice being but the 'wilful doing of a wrongful act' * * * Negligence and wilfulness are the opposites of each other. They indicate radically different mental states.   The distinction between negligence and wilful tort is important to be observed, not only in order to avoid a confusion of principles, but is necessary in determining the question of damages, since in case of an injury by the former, damages can only be compensatory; while in the latter, they may also be punitory, vindictive or examplary."   The Court, in *Pickens* v. *Ry. Co.*, 54 S. C., 505, after quoting with approval the foregoing language, says: "The complaint alleged intentional wrong, and the plaintiff had the right to introduce testimony having only a remote causal connection between the alleged wrongful act and the injury resulting therefrom, in order that the jury might have all the facts and circumstances before them, in estimating the examplary damages."   Again: "In an action for a wilful tort, the jury has the right to take into consideration two elements of damages: 1st, compensation for the injury sustained, as to which the plaintiff is confined to a recovery of such damages as flow naturally and proxi-

mately from the wrongful act; and 2d, the conduct of the defendant, for which the plaintiff is entitled to recover examplary damages, sometimes called punitive or vindictive damages. The examplary damages are in addition to the compensatory damages. *Duckett* v. *Pool,* 34 S. C., 311." The question presented by the third subdivision cannot be sustained, as the charge when considered in its entirety shows that his Honor instructed the jury that the facts alleged in the complaint must be proved to their satisfaction by the preponderance of the evidence. This exception is overruled.

The tenth exception is as follows: "10. Because, upon request of the plaintiff, his Honor charged the jury as follows, to wit: 'If the jury believe, from all the evidence, that the defendant company is liable to the plaintiff for any actual damages for the injuries sustained by him, then, in fixing the amount of damages, they may consider * * * the pecuniary loss which he has already sustained by reason of his injury, and also that which he is likely to sustain in the future by reason of such injury;' thereby indicating that it was proper for the jury to surmise what would likely be the pecuniary losses of the plaintiff for all time to come, and to render a verdict therefor." The plaintiff's tenth request, which gave rise to this exception, is as follows: "10. If the jury believe, from all the evidence, that the defendant company is liable to the plaintiff for any actual damages for the injuries sustained by him, then, in fixing the amount of the damages, they may consider his loss of time; the expense incurred by plaintiff by reason of his injury; the physical and mental pain and suffering which he has already endured by reason of his injury, and also that which he is likely to experience in the future by reason of such injury; the impairment of his health and powers of locomotion resulting from his injury; the pecuniary loss which he has already sustained by reason of his injury, and also that which he is likely to sustain in the future by reason of such injury; and, in this connection, standard life and annuity tables showing the probable duration of life and

the present value of a life annuity, are competent evidence to assist the jury in making their estimate of the damages." In his argument the appellant's attorney says: "It is true, that in an action for personal injuries, it is competent for the jury to award to the plaintiff compensation, not only for past pain, but also for pain which, by the ordinary course of nature, it is apparent the party injured will suffer in the future; and that present compensation for pecuniary loss already suffered, and for present destruction of or injury to the capacity to earn in the future, may be taken into consideration by the jury. This, however, is intended as the only method of ascertaining the present injury to the party, and is based upon present existing conditions. It is also true, that pecuniary loss which has occurred up to the trial of the action as a direct result of the injury, may be shown, such as expenditures for medical bills, medicine, etc.; but the jury cannot, under any circumstances, be allowed to infer that the plaintiff will incur future expenditures for any such purpose, or to surmise as to the amount of such future pecuniary loss." The charge intended that the jury should take into consideration such elements of damage as it is admitted by the appellant's attorney were properly recoverable, and this exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.