## CAMPBELL v. WESTERN UNION TELEGRAPH CO.

1. WORDS AND PHRASES—NEGLIGENCE—WANTONNESS.—The terms "wanton negligence" imply both wantonness and negligence, but the phrase is not commended.

2. TELEGRAPH COMPANIES.—Under the stipulations on the back of a telegram, "messages will be delivered free within the established free delivery limits of the terminal office. For delivery at a greater distance a special charge will be made to cover cost of delivery," it is the duty of the company to deliver the message to one outside the free delivery limits, if, upon notice, the sender pays for such delivery; *provided,* the sendee lives within a reasonable distance from the office of delivery.

3. CHARGE here complained of as being on the facts because instructing jury that certain facts would constitute negligence, held to be an instruction as to the rights of the parties under the contract.

4. APPEAL.—Exception charging error in admission of evidence will not be considered where no ground is stated in objection, and also where, after answer evidence was ruled incompetent, but no motion made to strike out the answer.

5. NEW TRIAL will not be granted because jury disregarded charge, when that portion of the charge in question is too favorable to appellant and the verdict is sustained by the evidence.

6. REHEARING refused.

Before DANTZLER, J., Chesterfield, Spring Term, 1905. Affirmed.

Action by Lewis Campbell against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Ferrons, Willcox & Willcox, J. M. Johnson* and *C. K. Laney,* for appellant. *Messrs. Willcox & Willcox cite: The word "wanton" should be treated as surplusage:* 67 S. C., 218. *Company was not under duty to deliver outside of free delivery limits:* 70 S. C., 89, 45 S. E., 939; 48 S. C., 653; 79 S. W., 40; 67 S. W., 767; 7 So., 419; 74 S. W., 1098; 35 S. E., 543. *As to charge on facts:* 71 S. C., 156.

*Messrs. R. T. Caston* and *Edward McIver,* contra, cite: *The allegation of "wanton negligence" will support punitive damages:* 65 S. C., 93; 60 S. C., 74; 62 S. C., 331; 65 S. C., 1. *As to delivery outside of free delivery limits:* 47 S. E., 607; 35 S. E., 543; 43 S. E., 841; 27 Ency., 2 ed., 1029; *Tyler* v. *Tel. Co.,* 60 Ill.

The opinion herein was filed February 26, 1906, but remittitur held up on petition for rehearing until

April 26, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages for failure to deliver a telegram within a reasonable time.

The complaint alleges: "That on the 24th day of June, 1903, in the forenoon, the wife of the plaintiff then being very ill at the home of relatives at McBee, S. C., where she was then on a visit—Tom Campbell, the brother of the plaintiff, delivered to the agent of the defendant at McBee, S. C., the following message for transmission to the plaintiff, at his home at Patrick, S. C.: 'Your wife is very sick,' and then and there paid the agent of the defendant the toll charged for the transmission of the said message to the plaintiff at Patrick, S. C.

"That the said message was received by the agent of the defendant at Patrick, S. C., fifteen minutes after noon on said day, and could have been delivered to plaintiff in a short time thereafter, so as to have enabled him to reach McBee, S. C., and the bedside of his wife that afternoon.

"That the defendant, by its inattention, carelessness and wanton negligence, failed to deliver said message until some time during the day of June 25th, when plaintiff received same, together with another message, dated June 25th, stating that his wife was dead.   Plaintiff was thus prevented by the defendant from having any knowledge of his wife's sickness until after her death, and thus caused great mental anguish and suffering and distress, and of being at her bedside at the time of her death."

The defendant denied said allegations and set up the following defense:

"And for a further defense, the defendant alleges that the message set forth in the complaint, filed in the above stated action, was accepted by it for transmission under and in accordance with the terms of a special contract, printed upon the back of the form upon which the said message was written, a part of which contract provided as follows: 'Messages will be delivered free within the established free delivery limits of the terminal office.   For delivery at a greater distance a special charge will be made to cover the cost of such

delivery.' And the defendant further alleges, on information and belief, that at the time when said message was filed for transmission and at the time when the said message was received at its office in the town of Patrick, S. C., the plaintiff. was not a resident of said town of Patrick, was not within the free delivery limits of its office in said town, and was not within the corporate limits of said town."

The plaintiff lived on the premises of Campbell Ingram, and about two and a half miles from Patrick, and on the day the telegram was sent, was at work about three and a half miles from said place. The defendant made an effort to deliver the message on the day it was received, but it was not delivered until the next day. The testimony does not disclose the fact that the sender of the message had notice that the plaintiff resided beyond the free delivery limits (which extended half a mile), or that there was a regulation as to such limits. The jury rendered a verdict in favor of the plaintiff for $500, and the defendant appealed.

The first question to be considered is, whether his Honor, the presiding Judge, erred in ruling that the plaintiff could recover punitive damages under the allegations of the complaint. It is true, the word "wanton" is not an apt adjective in describing "negligence;" nevertheless, when so used, the expression imports both wantonness and negligence. *Watts* v. *R. R.,* 60 S. C., 67, 38 S. E., 240; *Brasington* v. *R. R.,* 62 S. C., 325, 40 S. E., 665.

The next question for consideration is, whether the Circuit Judge was in error, in ruling that when a person to whom a message is addressed, resides within a reasonable distance from the company's office, though not within the free delivery limits, it cannot refuse to deliver the telegram, unless it demands additional compensation from the sender, and he declines to pay it. In other words, that it is the duty of the defendant to notify the sender, it would not deliver the message, unless he made additional compensation for the service beyond the free delivery limits. The defendant is a common carrier in its line of business

(sec. 3, art. IX., of the Constitution), and the law imposes upon it the duty of delivering all messages, when the persons to whom they are addressed reside within a reasonable distance from the terminal office. The company, however, has the right to make reasonable regulations as to free delivery limits, and as to additional charges for services rendered beyond such limits.

In the case of *Hood* v. *Tel. Co.,* 47 S. E. R. (N. C.), 607, the Court ruled that a telegraph company failing to make any attempt to deliver a message, because the person to whom it was addressed resided beyond the free delivery limits, and, also, failing to notify the sender, or of its refusal to deliver, is liable in damages resulting from its negligence in not making the delivery.

In the case of *Gainey* v. *Tel. Co.,* 48 S. E. R. (N. C.), 653, the Court says: "It is undoubtedly true, as argued by the learned counsel for the plaintiff, that the company is not exempt from liability, merely because the person addressed may chance to live outside its free delivery limits; because it undertakes expressly, and by the very terms of its contract, to make a delivery within those limits, free of any charge, and, impliedly at least, to deliver beyond the fixed limits; for which latter service an extra charge is made, not exceeding in amount the actual cost of such special delivery. The language of the contract in this respect is as follows: 'messages will be delivered free within the established free delivery limits of the terminal office. For delivery at a greater distance a special charge will be made to cover the cost of such delivery.' We have held that when a message is received at a terminal office, to which it has been transmitted for delivery, to the person addressed, it is the duty of the company to make diligent search to find him, and if he cannot be found, to wire back to the office from which the message came for a better address; and, likewise, it is the duty of the company, when it has discovered that the person for whom the message is intended lives beyond its free delivery limits, either to deliver it by a special messenger, or to

wire back and demand payment, or a guaranty of payment, as it may choose to do, of the charge for the special delivery; and if it fails to deliver without demanding and being refused payment of charge, it will be liable for its default."

We do not regard this language as conflicting with our interpretation of said clause of the contract, which is, that the company must undertake to deliver a message to one outside the free delivery limits if upon notice the sender pays for such delivery, provided such person lives within a reasonable distance from the office of delivery. The language of the foregoing case as construed by us is a correct interpretation of the contract.

The next question of error is, that the presiding Judge charged upon the facts. It is contended by the appellant that the presiding Judge invaded the province of the jury by charging that certain facts would constitute negligence. Our construction of the charge is that the presiding Judge simply instructed the jury as to the rights and duties of the parties under contract. and that it cannot be regarded as a charge upon the facts.

The next question relates to the admissibility of certain testimony. The defendant did not state the grounds of objection to the testimony, which was admitted over its objection; and when certain testimony was introduced, after the presiding Judge had ruled it was incompetent, no further objection was offered, nor was there a motion to strike out such testimony.

The last question to be determined is whether there was error in refusing the motion for a new trial. The appellant contends that the verdict was not responsive to the allegations of the complaint, and was in direct conflict with the charge of the presiding Judge. That portion of the charge out of which this question arose, was too favorable to the defendant and affords no just ground of complaint, and the verdict was sustained by the testimony.

'It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

PER CURIAM.—After consideration of the petition herein, the Court has failed to discover that any material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered, that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.