THE STATE OF INDIANA, EX REL. HOOTEN, *v.*
WESTERN UNION TELEGRAPH COMPANY.

[No. 21,205.    Filed March 12, 1909.]

1. MANDAMUS.—*Compelling Performance of Legal Duty.*—Writs of mandate may be issued to compel the performance of a legal duty. p. 23.

2. TELEGRAPHS AND TELEPHONES.—*Delivery of Messages.*—It is the duty of a telegraph company to deliver sufficiently addressed messages within reasonable distances, when this can be done by the use of ordinary diligence. p. 24.

3. TELEGRAPHS AND TELEPHONES.—*Legislative Regulation.*—The state, in the exercise of the police power, may reasonably regulate the business of telegraph companies within its jurisdiction. p. 24.

4. EVIDENCE.—*Judicial · Notice.—Population.—Telegraph Business.* —Courts take judicial notice that in 1853 the population of Indianapolis did not exceed 12,000, and that telegraph delivery limits of one mile from an office centrally located in any city or town in Indiana, would have included substantially every resident therein. p. 24.

5. TELEGRAPHS AND TELEPHONES.—*Regulation of Charges.—Statutes.*—Section 5783 Burns 1908, §4178 R. S. 1881, providing that telegraph companies "shall deliver all dispatches, by a messenger, to the persons to whom the same are addressed, or to their agents, on payment of any charges due for the same: Provided, such persons or agents reside within one mile of the telegraphic station or within the city or town in which such station is," does not regulate the charges of transmission nor delivery of messages, nor does it require free delivery of messages. p. 25.

6. TELEGRAPHS AND TELEPHONES.—*Delivery of Messages.—Limits.* —A telegraph company has the legal right to limit the free delivery of messages at Indianapolis to a distance of one mile from its central office at Monument Place, and to make a reasonable charge for deliveries beyond such distance. p. 25.

7. TELEGRAPHS AND TELEPHONES.—*Delivery Charges.—Reasonableness.*—A telegraph company's rule to deliver free all messages within a radius of one mile from its central office in cities containing a population of more than 5,000, and to charge a sum sufficient to pay the cost of such delivery, when delivered outside of such radius, is reasonable. p. 26.

8. PLEADING.—*Demurrer to Answer.—Carrying Back.—Mandamus.* —Where the petition for a writ of mandate, and the writ itself, fail to state a cause of action, a demurrer to the return should be carried back and sustained to such petition and writ. p. 27.

From Superior Court of Marion County (71,998) ; *Vinson Carter,* Judge.

Action by The State of Indiana, on the relation of Elliott R. Hooten, as Prosecuting Attorney, against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*James Bingham,* Attorney-General, *Elliott R. Hooten,* Prosecuting Attorney, *Walter Myers* and *Merrill Moores,* for the State.

*Pickens, Moores, Davidson & Pickens, Henry D. Estabrook* and *Mark H. Miller,* for appellee.

MONTGOMERY, J.—The prosecuting attorney of Marion county procured the issuance of an alternative writ of mandamus requiring appellee to make delivery, by messenger, of telegraphic dispatches to all parts of the city of Indianapolis upon equal terms and without any charge except the proper charge for transmitting such messages to said city, or show cause why the same should not be done.

Appellee made its answer or return to said writ in which the following facts, with others, were alleged: Appellee is a corporation organized under the laws of the state of New York, and is engaged in doing a general telegraphic business in Indiana and elsewhere. Its lines of telegraph throughout the United States aggregate more than a million miles of wire, and it transmits for the general public more than eighty millions of messages each year, exclusive of governmental messages, office messages, railroad messages, and messages over leased wires. For the purpose of establishing rates it must calculate the cost of service, and to that end is authorized by law to make reasonable rules and regulations for the conduct of its business. For more than fifty years it has had and enforced throughout the United States the following, among other, rules: "Messages will be delivered free within a radius of one-half mile from the office in any city or town of less than 5,000 inhabitants, and within a radius of one mile from the office in any city or town of 5,000 or more inhabitants. Beyond these limits only the actual cost of the delivery service will be collected. The manager will, however, see that such cost is as reasonable as possible." During all such time it has caused to be printed on the back of all its message blanks the following condition: "Messages will be delivered free within the established free delivery limits of the terminal office; for delivery at a greater distance a special charge will be made to cover the cost of such delivery." Said rules and conditions are and have been for years well

known to the general public, and are reasonable and necessary to regulate and prescribe rates for telegraphic service. Messengers delivering messages beyond one mile from the receiving station in said city of Indianapolis are required to take a street-car, or, in the event such conveyance is not available, to consume additional time at an average extra expense of at least ten cents for each message, and that appellee's charge of ten cents a message for such deliveries is reasonable and just. Appellee makes delivery of all dispatches received for delivery at its station in said city, to all persons or their agents residing within said city on payment of the charges for transmission due on such dispatches, and, within the conditions and limitations of said rules, serves the public alike and without discrimination among its patrons throughout the United States. Appellee denies that any law of the State requires delivery of telegraphic messages except on payment of any charges due for the same, and avers that if any law sought to compel delivery of such messages free throughout the city of Indianapolis, without regard to the distance from the receiving station, such law would be void under the Constitution and laws of the United States, as an attempt to lay burdens upon interstate commerce and to deprive appellee of its property without due process of law.

Appellant's demurrer to this return was overruled, and, the relator declining to plead further, final judgment was rendered in favor of appellee.

The overruling of appellant's demurrer is assigned as error upon this appeal.

Writs of mandate may be issued in this State "to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or station."

1. §1225 Burns 1908, §1168 R. S. 1881. The statute which it is claimed creates the duty sought to be enforced in this action reads as follows: "Such companies shall deliver all dispatches, by a messenger, to the persons to whom

the same are addressed, or to their agents, on payment of any charges due for the same: Provided, such persons or agents reside within one mile of the telegraphic station or within the city or town in which such station is.'' §5783 Burns 1908, §4178 R. S. 1881. Appellant's contention is that this statute requires free delivery of telegraphic messages in the cities and towns where the same are received. Appellee's insistence is that the statute merely requires delivery and impliedly authorizes a reasonable charge for the service. The true construction of this act is the primary question involved, and, assuming that a writ of mandamus issued upon the motion of the prosecuting attorney is an available method of enforcing the duty created, if it be found that the statute does not require appellee to make free delivery of telegraphic messages, by messenger, to all points within the city of Indianapolis, then other questions discussed in the briefs need not be considered.

A telegraph company is bound to make delivery of all messages sufficiently addressed, within reasonable distance limitations, when this can be done by the exercise of ordinary diligence. The State, in the exercise of its police power for the protection of the public safety and convenience, may prescribe reasonable regulations for the conduct of the business of telegraph companies within its jurisdiction. *Western Union Tel. Co.* v. *James* (1896), 162 U. S. 650, 16 Sup. Ct. 934, 40 L. Ed. 1105; *Western Union Tel. Co.* v. *Moore* (1895), 12 Ind. App. 136, 54 Am. St. 515.

The statute last quoted and relied upon as the foundation of this action went into effect May 6, 1853. The whole number of inhabitants in the city of Indianapolis at that time was but 12,000; and delivery limits of one mile from an office centrally located in any city or town then would have included substantially every resident of any city or town in this State.

The enactment of the statute in question antedated any effort on the part of the legislature to regulate the charges of common carriers or other public service corporations operating within this State.

This statute was not intended to regulate or in any manner to control the charges of telegraph companies for services either in the transmission by wire or in delivering dispatches. The section last quoted, and also section one of the act (1 R. S. 1852, p. 481), recognized the right of the company to regulate and fix its own charges for service. It is provided by section one that every electric telegraph company doing business for the public in this State, during office hours shall receive dispatches "and, on payment or tender of the usual charge, *according to the regulations of such company,* shall transmit the same," etc. The section under immediate consideration does not purport to require free delivery within the prescribed limits, but only to make delivery within such bounds compulsory "on payment of any charges due for the same."

It appears from the allegations of the return that appellee does deliver, by messenger, all dispatches received, to the persons to whom the same are addressed, or to their agents, residing within the city of Indianapolis, and this is all the State can exact under this statute. Appellant's case is primarily predicated upon an asserted right under the law to require free delivery by messenger to all points within the city, and not upon the unreasonableness of appellee's rules and regulations fixing free delivery limits or charges for delivery beyond such boundaries. It is averred, however, that appellee discriminates as to the manner and conditions of service between its patrons in making delivery of dispatches free to those residing within one mile of its station at Meridian street and Monument Place in the city of Indianapolis, and in exacting a delivery charge of ten cents for each message addressed to persons residing more than

one mile distant from said station. It is perfectly manifest that a telegraph company could not reasonably undertake to make delivery of dispatches without regard to distance from its telegraph offices, and it is equally clear that it does not constitute discrimination to exact of each person to whom a message is delivered a charge therefor approximately commensurate with the distance traveled and the expense incurred in making such delivery. We have already seen that our statute does not deal with the subject of charges for the transmission and delivery of telegraphic messages, and, in the absence of statutory regulations, it is within the power of telegraph companies to prescribe reasonable rules by which they will undertake and agree to deliver all messages within a certain radius of their offices free of charge, and require extra compensation for every delivery beyond this radius. *Campbell* v. *Western Union Tel. Co.* (1906), 74 S. C. 300, 54 S. E. 571; *Western Union Tel. Co.* v. *Henderson* (1889), 89 Ala. 510, 7 South. 419, 18 Am. St. 148; *Western Union Tel. Co.* v. *Redinger* (1899), 22 Tex. Civ. App. 362, 54 S. W. 417.

The rule set out in the return is alleged to be of general application throughout all the states and to have been in force for more than fifty years. Its reasonableness

7. and validity have never been denied so far as our research extends, while, on the other hand, this particular rule has been either expressly or impliedly sustained in a number of instances. *Western Union Tel. Co.* v. *Moore, supra; Western Union Tel. Co.* v. *Trotter* (1894), 55 Ill. App. 659; *Western Union Tel. Co.* v. *Taylor* (1893), 3 Tex. Civ. App. 310; *Western Union Tel. Co.* v. *Ayers* (1906), 41 Tex. Civ. App. 627, 93 S. W. 199; *Western Union Tel. Co.* v. *Henderson, supra; Western Union Tel. Co.* v. *Scott* (1905), (Ky.), 87 S. W. 289.

Our conclusion is that the rule pleaded and the delivery charge made in pursuance thereof are reasonable and proper

as against the attack of the relator in this proceeding, and that the demurrer to the return was not only correctly overruled, but should have been carried back and sustained to the alternative writ of mandate.

The judgment is affirmed.