EAST BOYER TELEPHONE COMPANY, Appellant, v. INCORPORATED
TOWN OF VAIL, RICHARD MAGUIRE, ET AL., Appellees.

Telephones: USE OF STREETS: VESTED RIGHTS.  Occupancy of the streets
and alleys of a town by a telephone company and the expenditures
of the company in constructing its lines, under a simple resolution
of the council granting that right, upon compliance with the state
and town laws, without a vote of the people, creates no vested rights.

Judgments: FORMER DECISION: LAW OF THE CASE.  A decison on appeal
from a ruling on a demurrer is an adjudication of the same question,
when raised upon the second trial by a motion to strike certain
paragraphs of an amended and substituted petition.

Telephone companies: FRANCHISE: STATUTES.  The statute authorizing
the construction of telephone lines along public highways is limited
by the statutes giving to a municipality the right to regulate the
use of its streets and to prohibit the granting of any such right
without a vote of the people; and it was entirely competent for the
legislature to provide such limitations.

Same: CONSTITUTIONAL LAW: EQUAL PROTECTION OF THE LAW.  The stat-
ute conferring upon the voters of a municipality the right to forbid
the construction of a telephone system along its streets, and thus
prevent it from entering into the town, is not a denial of the equal
protection of the laws guaranteed by the federal constitution.

Same: CONTROL OF STREETS.  The legislature has power to regulate the
use of highways and may delegate this power to municipal corpora-
tions within their territorial limits, but in the exercise of this power
they are held to a strict observance of the grant.

Same: POLICE REGULATIONS.  A telephone company is subject to all the
police regulations of a municipality in the use of its streets for
carrying on its business.

Same: FRANCHISE: STATUTES: EVIDENCE.  The fact that a municipality
had not adopted an ordinance regulating the use of its streets by
a telephone company prior to a vote upon the question of a franchise,
was not an election to operate under the statute giving such compa-
nies unlimited right to use the highways, rather than under the

statute requiring an affirmative vote of the people in cities and towns.

*Appeal from Crawford District Court.*—HON. M. E. HUTCHINSON, Judge.

SATURDAY, MAY 16, 1914.

PROCEEDING to enjoin the defendant from interfering with the erection of telephone poles and wires in the town of Vail. From a ruling on a motion to strike certain paragraphs from 'the amended and substituted petition, the plaintiff appeals.—. *Affirmed.*

*Maurice O'Connor*, and *Sims & Kuehnle*, for appellant.

*Conner & Lally*, for appellees.

WITHROW, J.—I. The plaintiff as a telephone company desired entrance into the incorporated town of Vail that it might, as claimed by it, make connection between different of its lines extending from the north and south sides of the town into adjacent country, and thereby be better enabled to render service to its subscribers. Having received no permission to occupy the streets for that purpose, other than a claimed right under an act of the city council to which we will later refer, upon its attempt to so use the streets by planting its poles and stringing its wires, the officers of the town took steps to remove them, upon which, based upon the petition of appellant asking such relief, a temporary injunction was issued. The judgment of the trial court following such action was based upon the pleadings in sustaining a demurrer of the plaintiff to the answer and amendment. Upon appeal to this court the ruling and judgment of the trial court was reversed. Following such action, the plaintiff filed its amended and substituted and supplemental petition, to which an answer and cross-petition were filed, and also a motion to strike certain paragraphs from the

amended and substituted petition. The motion raised the question of the legal sufficiency of the averments in the several paragraphs, and upon hearing was sustained by the trial court as to all grounds, included in which was the claim that the questions raised had been fully adjudicated on the former appeal. From the ruling of the trial court in sustaining the motion to strike, this appeal is taken by the plaintiff.

II. On the former appeal, opinion was handed down by this court sustaining the action of the trial court, discussing fully all questions which had been raised. A petition for rehearing was granted, and thereafter in an opinion by the court it was stated that the question presented was whether a telephone company has a right, under the law of the state, to construct and operate its lines in and through the streets of a city or town, and maintain a local system for the transaction of general telephone business in such city or town, without procuring from the municipal authorities a license for the use of the streets. It was then held that it had not such right, under the authority of *Farmers' Telephone Company of Quinby v. Town of Washta*, decided by this court after the original hearing in this case, and reported in 157, Iowa, 447.

III. In the present appeal it is claimed that, by reason of the facts pleaded in the amended and substituted petition, there are presented conditions not arising under the former appeal, such being under the plea of estoppel, of vested rights, and also the question that the holding in the former opinion and the *Washta* case, *supra*, are in violation of section 1, art. 14, of the amendment to the Constitution of the United States, which forbids a state from making or enforcing any law which shall deny to any person within its jurisdiction the equal protection of the laws. The claim of vested rights is based upon a resolution of the town council which granted to the telephone company the privilege to run its telephone lines into the town of Vail, "by meeting with the requirements of the state, also town of Vail laws regulating telephone companies running

1. TELEPHONES:
use of streets:
vested rights.

lines into town." Following this resolution, the town clerk sent to the secretary of appellant company a communication advising him of the action of the town council granting permission, and quoting the conditions stated in the resolution. This action was taken in September, 1909, and in November the telephone company presented to the town council a petition for a special election, in proper form, asking the submission to the voters of the question of a franchise. In January, 1910, at a special election called for that purpose, the voters of the town of Vail denied to the appellant the right to the use of its streets. Assuming, as we must, under the rule heretofore announced in this case, and in the *Washta* case, that affirmative action of the voters was necessary before a franchise could be granted under sections 775 and 776 of the Code, the action of the town council was no more than a declaration that upon securing such consent of the voters the privilege might be exercised. Any action taken by the telephone company by way of expenditures or otherwise could not under the resolution of the council give to it rights, but would be at its own peril, and subject to what might be done by the voters at the special election. There is nothing in the pleadings, which state the admitted facts, which can be construed as a grant of right authorizing the telephone company to proceed without further authority; but, on the contrary, the resolution expressly stated the conditions requisite to the exercise of the right. They were not met, and, no rights having arisen, that plea necessarily fails.

IV. Although the amended and substituted and supplemental petition in greater detail pleads the cause of action as presented in the original petition, yet a careful comparison of

2. JUDGMENTS: former decision: law of the case.

the two pleadings discloses no essential difference in the ultimate claims. The legal proposition presented is fully stated in the former opinion, and no averments in the new pleading reach to any other conclusion than the right which was therein denied. Even though the question may be presented to this

court on the present appeal in form somewhat different than before, if it is the precise question, it necessarily must be governed by the law then announced.  True, the former appeal was from a ruling sustaining a demurrer to the answer, on which by its appeal the defendant elected to stand; but the holding of this court was no less an adjudication of the rights of the parties as presented in their respective pleadings, as the answer with its amendments, to which the demurrer was sustained, denied. only the legal right of the plaintiff to do that which it was endeavoring to do.  *Dillavou v. Dillavou,* 142 Iowa, 293; *Gregory v. Woodworth,* 107 Iowa, 151; *Lamb v. McConkey,* 76 Iowa, 47; *Bank v. Colton,* 143 Iowa, 359.

V. The decision upon the former appeal was rested upon the rule announced in *Farmers' Telephone Company v. Washta, supra.*  That case fully considered the questions raised by this and by the former appeal as to the apparent conflict in terms between Code, section 2158, which authorizes the construction of a telephone line along the public roads of the state, in which the right granted is without limitation or the burden of securing previous consent, and .Code, section 775, granting to cities and towns the power to authorize and regulate telegraph, telephone, and other electric wires, and the poles and supports thereof, and also Code, section 776, which provides that no franchise shall be granted for any of the purposes designated in section 775, except by a majority vote of the electors.  In the *Washta* case it was held that it was entirely competent for the Legislature to restrict the scope of the right or privilege which had been conferred by Code, section 2158, and that such was done by the later statute (section 776).  That case was fully and carefully considered, the questions raised had at least twice been before this court, and with the conclusion then reached the court is yet in accord.  It is decisive of the present one, even without the question of former adjudication, unless it be that there are valid constitutional objections to the rule then announced.

3. TELEPHONE COMPANIES: franchise: statutes.

VI. It is the claim of the appellant that even though it be held that Code, sections 775 and 776, confer upon the town the right through its voters to forbid the construction and operation of its telephone line, and thereby prevent it from entering the town for that purpose, that such power exercised under the authority of the state is a denial to appellant of that equal protection of the laws guaranteed under the federal Constitution in the Fourteenth Amendment.

4. SAME: constitutional law: equal protection of the law.

That the Legislature has the right to control and regulate the use or manner of use of the highways of the state is generally recognized and nowhere denied. And it also is equally true that the powers which it possesses in this respect may be delegated to cities and towns within their territorial limits. Municipal corporations in the exercise of the powers thus delegated are held to a strict observance of the terms of the grant of statute, and may not exceed them. The right of control of the streets of cities and towns has been conferred by the Legislature, and as a limitation upon the right of full and possibly injurious grants of the right of occupancy and use of the streets to public service corporations and bodies of like character there has been enacted Code, section 776, which places the right of ultimate control in the legal voters. Admitting that in the exercise of the powers thus vested in them the voters of a town may deny the use of its streets to one telephone company, and permit their use by another, does such amount to a denial of the equal protection of the law to the corporation whose request to use the streets has been refused?

5. SAME: control of streets.

It is well settled that telegraph and telephone companies are subject to all regulations falling properly within the police power of the state or of a municipal corporation. *State v. W. U. Telegraph Co.,* 172 Ind. 20 (86 N. E. 641); *Marshfield v. Wis. Telephone Co.,* 102 Wis. 604 (78 N. W. 735, 44 L. R. A. 565). The use and control of its public streets is admittedly a matter of police regulation

6. SAME: police regulation.

by the municipality. Code, sections 753, 754, 755, 756. In the exercise of this power the municipality, or the voters, if the ultimate voice is lodged in them, may determine to what private uses the streets may be put, governed, as we must presume they would be, by the test as to whether by permitting such private use the right of public enjoyment and use would be impaired. The question is quite different in its rule from cases when in the control of private business, which does not ask nor rely upon the use of public property, the municipality may take action which would be discriminatory, and therefore within the prohibition of the federal Constitution. But the right to use the streets of a municipal corporation for a private or quasi public purpose is not under our laws an absolute one. It was governed by the Code sections quoted, at the time of the organization of the appellant. It has been deprived of no right which it ever possessed, but, on the contrary, has come within the restrictions which were authorized. At most, it has been denied a privilege, not a right; and that the privilege may have been granted to another does not conflict with the constitutional provision. *Slaughterhouse Cases,* 16 Wall. 97 (21 L. Ed. 394); *Freeport Water Co. v. Freeport,* 180 U. S. 593 (21 Sup. Ct. 493, 45 L. Ed. 679); *City of Marshfield v. Wis. Telephone Co., supra.*

The few cases we have cited from among the many to which we have been referred are illustrative of the principle which we hold to be controlling here—that in the exercise of the police power the grant of privileges to one to the possible exclusion of others, or the refusal of a privilege to exercise a calling or employment lawful in itself, is not necessarily a denial of a right or repugnant to the Constitution—and, following the rule so often announced by this court that a law will not be declared unconstitutional unless it appears clearly to be within the prohibition of the organic law, state or federal, we conclude that this objection of appellant cannot be upheld.

VII. Nor do we think there is any merit in the contention of the appellant that the town of Vail had passed no ordinance

of regulation or control as to telephone companies, and there-
fore cannot complain of the action of the appellant. As to whether there was such an ordinance the record is not clear. The town

7. SAME: fran-
chise: statutes:
evidence.

did at the request of the appellant call a special election at which was submitted and determined the question of the grant of a franchise. We do not regard it as controlling, if it be the fact, that no ordinance was passed prior to that time; for, had the franchise been granted by a vote of the people, it could properly have afterwards and before the exercise of the privilege enacted such regulations as were reasonable and necessary. The failure to enact such an ordinance prior to such time cannot be held, as contended, to be a nonacceptance of the power granted under Code, section 775, and therefore an election to operate under Code, section 2158, which grants the use without limitation; for connected with and at all times controlling the city council is the ultimate power placed in the hands of the legal voters of the town to determine for themselves whether the privilege to use their streets for private purposes shall be granted. No action nor nonaction of the council can defeat or overthrow that reserved right.

We conclude that the ruling of the trial court was correct, and it is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.