APPLEBY v. SOUTH CAROLINA AND GEORGIA R. R. CO.

1. PLEADINGS—NEGLIGENCE—DAMAGES.—Under 22 Stat., 693, where a complaint charges vindictive or punitive damages, actual damages must also be submitted thereunder to the jury.

2. DAMAGES—RAILROADS—PASSENGERS—CHARGE.—Rule as to vindictive or punitive damages by railroad to passenger for injury caused by acts of its agent, correctly stated in the charge.

3. IBID.—IBID.—ENGINEER—DAMAGES.—JURY may infer wantonness and recklessness on part of engineer, by his suddenly backing train with terrific force and without warning.
4. RAILROADS—PASSENGERS.—It is the duty of the railroad company to provide reasonable means to insure the safety of passengers while boarding and alighting from its cars.

Before GARY, J., Charleston, April, 1900.    Affirmed.

Action for damages for personal injuries by Mary K. Appleby and Peter R., her husband, against South Carolina and Georgia Railroad Co.    From judgment on verdict for plaintiffs, defendant appeals.

*Messrs. B. L. Abney* and *Jos. W. Barnwell,* for appellant, cite: *Under the decisions in South Carolina, compensatory and punitive damages constitute separate causes of action:* 35 S. C., 475; 37 S. C., 194; 57 S. C., 425. *Act of* 1898 *does not apply except where vindictive damages are properly claimed; here exemplary damages not alleged:* 35 S. C., 381; 41 S. C., 86; 45 S. C., 278; 55 S. C., 483; 57 S. C., 433; 75 Ala., 412; 16 Ency. P. & P., 338; 23 So. R., 231; 58 S. C., 532; 57 S. C., 228.

*Messrs. Legare & Holman* and *J. E. Larissy,* contra, cite: *Allegations of complaint are clearly applicable to two causes of action:* 22 Stat., 693. *And charged wanton and reckless conduct on part of defendant's servants:* 34 S. C., 311; 35 S. C., 475. *No error to charge upon hypothetical state of facts by way of illustration:* 57 S. C., 233. *Charge as to duty of railroad to passenger alighting from train, free from error:* 52 S. C., 446.

March 28, 1901.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    This action came on for trial before Judge Ernest Gary and a jury.    The plaintiff, Mary K. Appleby, has united with her her husband, Peter R. Appleby, "as required by law in such cases made and provided."    She

4—60

demands a judgment against the defendant for $15,000. Her complaint, omitting the first article, alleging incorporation of defendant, is as follows:

"*Second.* That on the 24th day of December, 1898, the plaintiff above named, for a valuable consideration, purchased a first class ticket over the line of defendant company, for transportation as a passenger from Charleston, S. C., to Reevesville, a station on the line of defendant's road between the city of Charleston and Branchville, S. C. That the husband of the said Mary K. Appleby conducted her on board of one of the passenger coaches of defendant, attached to one of its passenger trains, scheduled to leave the city of Charleston at 5:30 p. m. on said day. That the husband of the said Mary K. Appleby informed the conductor in charge of said train that his wife was on board thereof, and designated the coach in which she was seated, and requested said conductor to see that she was put off said train at Reevesville, the place of her destination.

"*Third.* That upon the arrival of said train at Reevesville, the conductor in charge of the same carelessly and negligently omitted to inform the said Mary K. Appleby of the arrival of said train at said station; that the aforesaid train arrives at Reevesville after dark; and only made a very short stop, and almost immediately moved off from said station, with the said Mary K. Appleby on board of the same. That a passenger on board said train informed the said conductor that there was a lady on board of the said train who desired to leave the same at Reevesville; and thereupon the said train came to a stop after passing said station one hundred yards or more.

"*Fourth.* That upon said train coming to a stop, one of the brakeman on duty of same approached the said Mary K. Appleby for the purpose of assisting her to alight therefrom, and that as she was proceeding to the door of the coach to leave the same, the engineer in charge of the locomotive attached to and drawing said train, negligently, carelessly and wantonly caused said train to back suddenly and with great

force, and that by reason thereof the said Mary K. Appleby was thrown with great violence and force against the door of the coach which she was approaching to make her exit from said train, and that in consequence of the force and violence with which she was thrown forward against the door of said coach, the middle finger on the left hand of the said Mary K. Appleby was broken, and that she received internal injuries in consequence thereof.

"*Fifth.* That by reason of the injuries so received, the said Mary K. Appleby suffered, and still continues to suffer, great pain and mental anguish; that her health has been seriously and permanently impaired, to her great damage $15,000."

The defendant entered a general denial. Both sides introduced testimony. Both sides made requests to charge. No exceptions were made to the testimony offered. After the Judge's charge, the jury rendered a verdict for the plaintiffs in the sum of $10,000, but on motion for a new trial, the Circuit Judge required the plaintiffs to remit all the verdict except the sum of $7,500, which the plaintiffs did. Then the defendant appealed from the judgment on the verdict, and alleged as its grounds of appeal the following:

"I. It is respectfully submitted that his Honor, the presiding Judge, erred in instructing the jury, as requested by plaintiffs, 'that the allegations of the complaint alleged facts appropriate to two causes of action; one for actual damages and the other for vindictive, punitive, exemplary damages;' whereas, it is respectfully submitted that there are no allegations in said complaint from which the jury would be warranted in finding that the defendant was guilty of negligence sufficient to find a verdict for vindictive, punitive or exemplary damages.

"II. It is respectfully submitted that his Honor, the presiding Judge, erred in charging the jury, as requested by the plaintiffs, 'that if a passenger on board a railroad train is in the act of leaving its cars at a place of destination, and the railroad through its servants and agents in charge thereof,

without warning to such passenger, recklessly and carelessly causes the engine attached to said cars to be thrown against the same suddenly, a passenger is injured in person by being thrown against the cars, then the jury would be justified in law in awarding vindictive or punitive damages for personal injuries so received;' when, it is respectfully submitted, the only allegation in the complaint referring to, or purporting to refer to, punitive damages, is to the effect 'that the engineer in charge of the locomotive attached to and drawing said train, negligently, carelessly and wantonly caused said train to back suddenly and with great force,' and there is no evidence whatever from which the jury could infer wantonness on the part of said engineer.

"III. It is respectfully submitted that the only allegation charging, or purporting to charge, that the defendant was guilty of negligence for which punitive or exemplary damages could be recovered, being the allegation that the engineer was guilty of wanton negligence in backing the cars, and there being no evidence whatsoever produced from which the jury could infer wantonness on the part of the engineer, his Honor erred in submitting the question whether or not the defendant was guilty of negligence arising from wantonness, wilfulness and vindictiveness.

"IV. It is respectfully submitted that his Honor, the presiding Judge, erred in instructing the jury, 'that it is the duty of a railroad company to provide reasonable means of protection so as to insure the safety of passengers while boarding and alighting from its cars,' as requested by plaintiffs in their second request; whereas, it is respectfully submitted that a railroad company, although held to the highest degree of care, is not bound to adopt appliances reasonable or otherwise, which will insure the safety of passengers."

In the consideration of a Judge's charge under exceptions thereto, it is always well to keep in mind the facts which had been in testimony, for it is always to be expected that a Judge will charge the law applicable to certain facts—otherwise, he is dealing in abstract law.    While a Judge is by our Consti-

tution denied the privilege of giving a statement of what the
evidence is, still he is not denied the privilege of having the
facts of a particular cause in his mind.   Let us briefly state
what the facts were as testified to by plaintiff's witnesses.
On the 24th December, 1898, at about 5 1-2 o'clock in the
afternoon, the plaintiff, Mrs. Mary K. Appleby, under the
care of her husband, Mr. Peter R. Appleby, after having pur-
chased and paid for a first class ticket on the defendant's
train from Charleston, S. C., to Reevesville, S. C., both sta-
tions on the line of defendant's railroad, entered the first
class car attached to the train of said defendant, which was
to leave the city of Charleston on its way to the city of
Columbia, S. C., on that day, and after being seated, Mr.
Appleby notified his wife that he would go out to see the con-
ductor of that train so as to request him to look after his said
wife, and assist her to leave the said train when it reached
Reevesville.   He did see the conductor, who assured him
that he would assist his wife to leave the train at Reevesville.
This assurance of the conductor was conveyed to Mrs. Ap-
pleby by her husband.   It was quite dark when the defend-
ant's said train reached Reevesville.   The station was
announced by the railroad officials when Reevesville was
reached, and Mrs. Appleby heard the announcement and saw
other passengers leaving the car at that station.   She said
she asked a gentleman who was leaving the train in company
with his wife to assist her with her satchel and bundle, but
he turned to her showing that his arms were already full of
bundles, and told her that he would send the conductor back
to help her.   Before the conductor or any other official
reached her, the train was put in motion.   Some gentleman
said that there was a lady on the train who wished to get off
at that station.   Thereupon the moving train was stopped
and one of the railroad officials approached Mrs. Appleby,
asking if she wished to leave the coach at that station.   Upon
her assurance that she did so wish, the said official took up
her bag and asked her to go forward, he following immedi-
ately after her.   When Mrs. Appleby was near the car door,

which was ajar, she was thrown with great violence against the door by the sudden, unannounced movement of the train, with great violence, thereby her finger was crushed and internal injuries inflicted upon her. So great was her pain, thus suddenly inflicted, that the trainman accompanying her with her baggage, begged her to take a seat and he went out, and the conductor and ticket office keeper came, and with one on each side of her, carried her out of the train, and the ticket agent accompanied her to the house of the family she came to visit. She suffered so much that her friends insisted that she should return to Charleston for medical aid, and this she did. Her family physician came to her and described her internal injuries as serious. The said physician had been attending her off and on ever since her return to the city of Charleston. His bill for his services at one time amounted to $25, which was paid to him, and other bills have been made or paid. Besides, she is rendered unable to attend to the ordinary duties as mistress of her husband's home. Now these facts were in the mind of the Circuit Judge when he made his charge. His charge was as follows, in part: "Now, when a passenger buys a ticket and enters a passenger train of the railroad company or common carrier, the duties are reciprocal, each has a duty to perform. The railroad company undertakes to carry him safely to his place of destination, and to land him, and landing him the law imposes upon it the duty of stopping at a sufficiently suitable place and for a sufficient length of time to enable him to alight in safety. Now the duty upon the part of the passenger is that in alighting, and in traveling upon the coach of the defendant company, the railroad company, he shall use all ordinary care to avoid accidents or injuries to himself. Those are the two duties. The railroad company undertakes to carry and land him in safety—that is his contract— and to use the highest degree of care in so doing. The passenger agrees to use ordinary care in protecting himself from injuries and accidents, while either going to the place or alighting from the train. Now, the charge here, as you

observe, is that the railroad company stopped at the place, and when the passenger undertook to alight, it is contended that they backed the car, and the engineer backed the car with such violence and force as to cause injury to the plaintiff. That is denied by the railroad company. Now, if you should find that the railroad company was negligent in the manner in which it undertook to alight this passenger, or in the manner in which it stopped to enable the passenger to alight, then I charge you that the railroad company would be liable to compensate the plaintiff in whatever damages she sustained. But if, on the contrary, you find that she, in alighting, did not use ordinary care to prevent accident or an injury to herself, then, though the railroad company should have been negligent, she could not recover in this accident; because, as I have already undertaken to explain to you, each owes a duty to the other. In other words, a passenger has no right to get up on top of a train to perform athletic feats, but he must observe ordinary care, prudence and caution in protecting himself from injury or from harm. Now I have been requested by the plaintiff's counsel to charge you certain propositions of law, which I will proceed to do: 'The jury is instructed that the complaint herein alleges facts appropriate to two causes of action, one for actual damages, and the other for vindictive, punitive or exemplary damages.' That is true; that is the allegation of the complaint. 'Second: The jury is instructed that it is the duty of the railroad company to provide reasonable means of protection so as to insure the safety of passengers while boarding and alighting from its cars, and that a wanton or reckless disregard of such duty would render a railroad liable in exemplary damages to a person so injured.' That I charge you to be the law. 'Third: The jury is instructed that it is the duty of a railroad company to stop its cars at the destination of passengers along its line of road, and to allow such passengers a reasonable time at the station in which to leave its cars.' That I charge you, as I have already undertaken to explain to you to be the law. 'Fourth:

The jury is instructed that punitive or vindictive damages may be awarded by way of punishment, where the legal rights of one person have been invaded through the wanton, wilful or reckless disregard of such rights by some other person or corporation, and injuries result therefrom.' This I charge you to be the law. 'Fifth: The jury is instructed, if a passenger on board a railroad train is in the act of leaving its cars at a place of destination, and the railroad, through its servants and agents in charge thereof, without warning to such passenger, recklessly and carelessly causes the engine attached to said car to be thrown against the same suddenly, whereby a passenger is injured in person by being thrown against the cars, then the jury would be justified in law in awarding vindictive or punitive damages for personal injuries so received.' That I charge you. I desire to explain to you further what exemplary or punitive damages are. It is different from actual damages. Actual damages is where you compensate a person for the damages he has actually received, but if you find the injuries have been the result of wanton and reckless disregard of the rights of the passenger, then, under the circumstances, you can award what is known as vindictive damages, as smart money or punishment to the company. But that is never allowed except you come to the conclusion that the injury was wantonly inflicted, not through carelessness or negligence, but through wantonness, wilfulness and vindictiveness. For instance, if this electric railroad here, the motorman of a car saw the street crowded with individuals or persons, and he got on a head of speed and made no effort whatever to avoid running over persons on the street, but with an utter disregard to their rights as pedestrians, he would injure any one under these circumstances, that would be a case of exemplary, or punitive or vindictive damages, wantonly or wilfully done. But where the accident or injury is the result of negligence simply, a jury would not be warranted in awarding vindictive damages under those circumstances. For instance, if you should conclude a conductor had some grudge against a passenger,

or that an engineer had some grudge against him, and when he went to alight from the train he would intentionally or wantonly or wilfully thrust his engine ahead or back so as to injure him, if injured under such circumstances, then in addition to actual damages he received, you could award vindictive or smart money damages, as smart money, as punishment to the railroad company for inflicting such damages. That is what is meant by vindictive or smart money damages."

We will now pass upon each one of the exceptions in their order. We do not think the Circuit Judge was in error, as charged in the first exception. It was his duty, under the complaint and the proofs, to submit to the jury the questions as to actual and also as to punitive damages. This is certainly an action *ex delicto* and for punitive damages.

The act of 1898 (sec. 22, Stat. at Large, 693), so far as it affects this case, it is as follows: "Sec. 1. That in all actions *ex delicto* in which vindictive, punitive or exemplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury, under the instruction of the Court." As we have already announced, in the case of *Glover* v. *Railroad Company,* 57 S. C., 234, that act has changed the practice in *Spellman* v. *R. R. Co.,* 35 S. C., 475, and other cases following that decision, which requires each class of damages to be pleaded separately. It is no longer necessary to plead specifically actual damages. The Circuit Judge, in the cases set forth in the act, is obliged to submit the whole case to the jury under his instructions. This ground of appeal is dismissed.

We will next consider the second ground of appeal. When the case of *Glover* v. *R. R. Co., supra,* was heard, in our judgment we held the exact language used by the Circuit Judge in his charge. A Circuit Judge is to

be commended for upholding the decisions of the State Supreme 'Court. Besides, under the facts of this case, the charge was sound law.

As to the third ground of appeal, we must say that in reading the testimony we find that witnesses speak of the train being brought to a stop to allow the plaintiff to alight. That being so, in the absence of any testimony that the sudden lurch originated from any force in rear of the train, it of necessity came from the front—and it must have been a terrific force from the engine to cause the result to the plaintiff set out in the complaint and in the testimony. This ground is dismissed.

Nor is there any good ground advanced in the attack of the Judge as set out in said fourth ground of appeal. Railroads owe extraordinary care to passengers. The use of the word appliances is a general term and could do the defendant no harm. The appeal must be dismissed.

It is the judgment of this 'Court, that the judgment of the Circuit Court be affirmed.