GRIFFIN v. SOUTHERN RY.

1. NEGLIGENCE—NONSUIT.—When a plaintiff, under 22 Stat., 693, alleges in same cause of action two or more acts of negligence as contributing to an injury, he is entitled to submit all to the jury, and if there be evidence tending to support the cause of action for negligence, defendant is not entitled to nonsuit on ground that there is no evidence tending to show wilfulness, &c.

2. DAMAGES—EXEMPLARY.—Where two or more persons are injured by the negligent act of a railroad company, each of them may sue for and recover exemplary damages for intentional wrong.

3. IBID.—IBID.—SPEED OF TRAIN—RAILROADS.—The evidence here as to speed of train and condition of track and machinery tended to show wilfulness and negligence, and being susceptible of more than one inference, the jury was properly instructed that if they found intentional wrong, they could give plaintiff exemplary damages.

Before Buchanan, J., Edgefield, March, 1902. Affirmed.

Action of Marvin Griffin, by *guardian ad litem,* against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant, cite: *Punitive damages can only be recovered once for the same wrongful act:* 60 S. C., 73.

*Messrs. J. Wm. Thurmond* and *S. McG. Simkins,* contra, cite: *Plaintiff was entitled to submit acts of negligence and wilfulness to jury in one cause of action:* 57 S. C., 28; 22 Stat., 693; 60 S. C., 48. *Evidence sufficient to support punitive damages:* 35 S. C., 489; 60 S. C., 74. *Whether speed is negligent, &c., is question for jury:* 57 S. C., 205; *Kirby* v. *R. R.,* 63 S. C. *Punitive damages may be awarded to more than one plaintiff for intentional wrong:* 60 S. C., 73.

January 10, 1903. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for both punitive and compensatory damages, alleged to have been sustained by the plaintiff, while a passenger on defendant's train. The answer of the defendant contained substantially a general denial of the allegations set forth in the complaint. So much of the complaint as is necessary to understand fully the questions presented by the exceptions is as follows:

"6. That the last mentioned train of cars upon which the plaintiff and his said mother were received and were being transported as aforesaid (the same being behind time, as the plaintiff is informed and believes and alleges), soon after it had left the town or station of Trenton, at a point or place about three and one-half miles from the said town or station of Trenton, and at a point of or commencement of a curve in said line of railroad, was wrecked, and the car or coach in

which the plaintiff with his said mother was traveling, together with other cars, boxes or coaches, composing a part of said train, having been derailed and suddenly, with great force and violence, thrown from the track, and the plaintiff by reason of the great and sudden force and jar occasioned by said wreck, and the cars, boxes and coaches being thrown from the track as aforesaid, was seriously shocked, and was with great force and violence thrown from the lap of his said mother. * * * .

"7. That the approach on the roadbed of the defendant to and beyond the point where said wreck occurred, and said car or coaches were derailed and thrown from the track as aforesaid, is, for a considerable distance, a heavy down grade, and that the engineer and servant and agent of the defendant company, who was running and driving said engine to which said car or coaches were attached, unmindful of his duty and of the safety of this plaintiff and others upon said train, negligently, carelessly, recklessly, wantonly and wilfully ran and was running said engine and train of cars or coaches down said grade and up to the point and place where said wreck occurred and said cars and coaches were derailed and thrown from the track, at a high, dangerous and unreasonable rate of speed. That upon information and belief, the plaintiff alleges that the roadbed and fixtures composing the same of the defendant company, at the point or place and time where and when said wreck occurred, and said cars or coaches were derailed and thrown from the track, was defective, out of repair and in an unsafe and dangerous condition, due to the negligence, carelessness and wantonness and wilfulness of the defendant, its officers, servants and agents. And further, upon information and belief, this plaintiff alleges that the rolling stock or trucks of one or some of the cars, coaches or boxes forming a part of said train was defective, unsafe and unsound and in a dangerous condition, due to the negligence, carelessness, recklessness, wantonness and wilfulness of the defendant, its officers, ser-

vants and agents." The jury rendered a verdict in favor of the plaintiff.

The appellant's first exception is as follows: "1. Excepts because the presiding Judge erred in overruling defendant's motion for a nonsuit, as to so much of the complaint as charged wantonness, wilfulness, recklessness and malice, which motion was made upon the ground that there was no evidence in the case showing, or tending to show, the same." In 1898, 22 Stat., 693, an act was passed, entitled "An act to regulate the practice in the Courts of this State in actions *ex delicto* for damages," the first and second sections of which provide: "Section 1. That in all actions *ex delicto* in which vindictive, punitive or exemplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained; and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instruction of the Court. Section 2. That in all cases where two or more acts of negligence or other wrong are set forth in the complaint as causing or contributing to the injury for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instructions of the Court, and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint." The complaint contains but a single cause of action. Before the passage of said act, the plaintiff could not properly combine in the same cause of action, acts of negligence (which entitled him to recover only compensatory damages), and other acts of wrong growing out of wilfulness, wantonness or recklessness (which entitled him to recover punitive, vindictive or exemplary damages). *Pickens* v. *R. R. Co.,* 54 S. C., 498,

32 S. E. R., 567. The plaintiff, however, is permitted by said act to allege in the same cause of action two or more acts of negligence or other wrongs as causing or contributing to the injury for which the suit is brought; and is entitled to submit his whole case to the jury, and recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint. A nonsuit, furthermore, is an entirety; it, therefore, cannot be granted unless there is a failure of testimony to sustain all the acts of wrong set out in the cause of action, as its effect would be to deprive the plaintiff of the right to recover damages for those acts of wrong which the testimony showed were the cause of the injury. This exception is overruled.

The second and third exceptions are as follows: "2. Excepts because the presiding Judge erred in refusing to allow the defendant to amend its answer by setting up the judgment in the case of *Jose Griffin* v. *Southern Railway Company,* in so far as it included punitive damages against the defendant, said case having been tried just before the present case, having arisen out of the same accident, being against the same defendant, in which suit punitive damages were demanded and, as defendant contends, recovered. Whereas, it is submitted that punitive damages cannot be recovered but once for a single wilful transaction—that is punitive damages being in the nature of a penalty, cannot be recovered but once for the same wilful wrong or transaction. 3. Excepts because the presiding Judge erred in holding that defendant could not introduce any evidence going to show that punitive damages had been once recovered against it by another party for the same accident or transaction referred to in the complaint herein. For the reason stated in exception 2, *supra.*" This is the first time the question raised by these exceptions has been presented to this Court for adjudication. The only authority cited by the appellant's attorneys is the case of *Watts* v. *R. R. Co.,* 60 S. C., 73, in which the Court says: "Exemplary

or punitive damages go to the plaintiff not as a fine or penalty for a public wrong, but in vindication of a private right which has been wilfully invaded; and, indeed, it may be said that such damages in a measure compensate or satisfy for the wilfulness with which the private right was invaded, but in addition thereto operating as a deterring punishment to the wrongdoer and as a warning to others." The question under consideration was not before the Court in that case, and in our opinion it does not sustain the appellant's contention. When several persons are injured by the same wrongful act their causes of action are separate and distinct. *Hellams* v. *Switzer,* 24 S. C., 39. The plaintiff is as much entitled to the damages arising from an act of intentional wrong as to those growing out of negligence. The judgment in the action which should first be tried would bind the parties to the record, and those in privity with them, but would not be binding upon parties to a separate and distinct action. The effect of sustaining the proposition for which the appellant contends, would be to deprive all persons injured by the wrongful act of punitive damages, except the party who should *first* succeed in recovering a verdict. It cannot be successfully contended that the law contemplated that the rights of litigants should be dependent upon so precarious an event. These exceptions must also be overruled.

The fourth and fifth exceptions are as follows: "4. Excepts because the presiding Judge erred in refusing to charge the jury defendant's request, to wit: 'There having been no evidence offered showing or tending to show any wantonness or wilfulness, recklessness or malice on the part of the defendant, the jury cannot award any punitive damages in this case, but must confine their verdict to actual damages only,' said request, it is submitted, contained a correct proposition of law applicable to the case, and should have been charged, its refusal being to defendant's prejudice. 5. Excepts because the presiding Judge erred in charging the jury as follows: 'If wilfulness, recklessness

and wantonness appear, then you can give punitive or vindictive damages.' The error consisted in authorizing the jury to award punitive damages, when there is no evidence whatsoever to support the same, the entire evidence being capable of but one inference, to wit: that the defendant was guilty of no wantonness, wilfulness, recklessness or malice." It is frequently difficult to tell whether an act of wrong is attributable to wilfulness or mere inadvertence, which is the foundation of negligence, and, whenever the facts are susceptible of more than one inference, it is peculiarly the province of the jury to determine such question. *Pickens* v. *R. R. Co.,* 54 S. C., 498. The fact that it is often hard to determine whether an act of wrong was the result of recklessness or inadvertence, was no doubt one of the reasons inducing the legislature to pass the act of 1898, hereinbefore mentioned. By reference to the complaint it will be seen that the running of the train at the rate of speed and under the circumstances therein mentioned was alleged to have been both wilful and negligent. In the testimony of Mrs. Jose Griffin we find the following: "Q. Before that wreck that morning did you look out of the window? A. Yes, sir. Q. How was it running? A. It was running so fast that I could not hardly tell what the telegraph post was."

E. Harrison, another witness, testified as follows: "Q. Did you see the train that morning? A. Yes, sir. Q. Did you ever time the train? A. Yes, sir; Mr. Ryan and myself timed it, and it ran a mile in fifty-nine seconds. Q. This morning you saw it how was it running? A. Running pretty fast. Q. As fast as it did the time you timed it? A. Yes, sir, I think so."

This was, at least, some testimony from which the jury might have inferred that there was a reckless disregard of the rights of the passengers under the circumstances alleged in the complaint. These exceptions are likewise overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.