## DAGNALL, v. SOUTHERN RY.

1. EVIDENCE—TICKET—PASSENGER.—Whether a passenger had notice of conditions printed on a ticket, cannot be elicited by interrogatories as to whether he knew the construction of the contract, but as to whether he agreed to the conditions.

2. RAILROADS.—A PASSENGER has the right to ride on a ticket, for which he has paid full fare, at any time, notwithstanding time limitations thereon printed, unless his attention has been called to such limitations, and he has assented thereto.
   *Norman* v. *Southern Ry.*, 65 S. C., 517, *affirmed.*

3. PUNITIVE DAMAGES.—A RAILROAD COMPANY is responsible in punitive damages for the wilful and wanton acts of its servants resulting in injury to a passenger, and whenever the allegations and evidence show that he is so entitled, it is the duty of the jury to award them.

Before ALDRICH, J., Greenville, July term, 1903. Affirmed.

Action by A. H. Dagnall against Southern Railway. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *As to proving notice of limitations on ticket:* 65 S. C., 523; 4 McC., 245; 2 Sp., 550; 26 S. C., 610; 4 Ell. on R. R., sec. 1593; 8 Am. R., 545; 54 S. C., 507. *As to reconsideration of Norman v. Ry.:* 4 Ell. on R. R., secs. 1593, 1595; Hutch. on Car., 575-6; 46 N. H., 213; 71 Penn. St., 432; 11 Metc., 121; 54 Wis., 234; 55 N. J. L., 551; 67 Ill., 390; 51 Cal., 425; 47 Ia., 82; 105 Cal., 541; 16 L. R. A., 318; 56 L. R. A., 769; 43 L. R. A., 140; 60 Fed., 624; 32 Am. Dec., 470; 7 L. R. A., 162; 16 Wall., 330; 6 How., 344; 8 Am. R., 543; Hutch. Carr., secs. 246, 580, 581; 63 N. Y., 101; 54 N. Y., 512; 29 S. R., 882; 54 N. Y., 512; 20 A. & E. R. Cas., 436; 23 S. R., 583; 31 Barb., 556; 24 Barb., 514; 3 Hun., 241; 7 Hun., 670; 1 Allen, 267; 40 Vt., 88; 92 Mich., 406; 43 L. R. A., 136; 46 N. H., 213; 18 A. & E. Ca. (N. S.), 209; 18 Id., 758; 16 Id., 101. *As to mitigation of damages:* 29 Ohio St., 126.

*Messrs. Tribble & Prince* and *McCullough & McSwain,* contra. *Mr. Prince* cites: *As to limitations on tickets:* 65 S. C., 521; 39 S. C., 55; 112 U. S., 331; 43 L. R. A., 140. *As to rules and regulations:* 43 L. R. A., 141. *As to liability of railroad for punitive damages:* 35 S. C., 488, 493; 28 S. C., 263; 29 S. C., 386.

Argument of McCullough and McSwain accidentally mislaid.

April 29, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action for damages for alleged unlawful and wilful expulsion of plaintiff from defendant's passenger train, and resulted in a judgment in favor of plaintiff for $1,200. On September 12th, 1901, plaintiff bought a regular straight ticket for passage on defendant's train from Easley to Seneca, for which he paid full fare. For some reason he did not use the ticket until April

13th, 1903, when he presented it to the conductor for passage from Easley to Seneca. The conductor declined to receive it, claiming that it was out of date, and on plaintiff refusing to pay the fare, he was expelled from the train at Liberty, S. C., a station between Easley and Seneca. The ticket, in addition to other conditions, contained the following printed in full on its face: "Good for one passage if used on or before midnight of date canceled by 'L' punch in the margin below only on trains stopping at destination." The date so punched was September 12, 1901.

1. Appellant's first exception relates to the admissibility of certain testimony. When plaintiff was being cross-examined by defendant's counsel, he was asked, "if he knew the printed condition of the ticket that is in evidence here, and if he knew the construction of the contract between himself and the railroad company." Plaintiff's counsel made objection, that it would be irrelevant to show witness' construction of the contract. While the "Case" shows that objection was sustained, it also shows that the Court's express ruling was that it would be competent to ask witness if he agreed to the contract. The error assigned is that plaintiff would certainly have been bound by the condition as to time, if he had actual notice thereof and assented thereto, and that his knowledge of the condition and of the construction of the contract, and his accepting the ticket with such knowledge, without objection, was relevant testimony upon the issue whether he had actul notice of the condition and assented to it. There would be force in the exception but for these considerations. First, the Court by its express ruling advised defendant's counsel that he could interrogate the witness as to whether he agreed to the conditions named in the ticket.

In the second place, no harm arose to appellant by the ruling, for immediately after the ruling the following questions and answers were made, substantially covering the point: "How many times have you traveled on tickets like that? Very few times: I can give you my reason. I have been living on a road where they give you a pasteboard ticket

good for all times. When you saw this one, you knew it was different from the other tickets? I didn't know what kind of a ticket he was giving me. You knew the one he gave you was a different kind of a ticket? I know now that it was a different kind, at that time I didn't know any difference as to the limitation. I didn't look at it." Furthermore, the witness, at folio 15, testified that, at the time of the purchase of the ticket, the agent of defendant company did not call his attention to any limitation on the ticket, that witness did not read the ticket, and did not know what kind of a ticket it was. He also testified to the same effect at folio 60.

2. The Court charged the jury: "The law is, that if a man pays his fare to be transported upon the railroad company's cars from one point to another, and pays it in accordnce with the provisions of the law that exists in this State, it is the duty of the common carrier to transport him under the contract. The ticket here, although it is unsigned by any one, except it is stamped on the back, is an evidence of the contract, permitting him to be carried. And the law is, if a man buys a ticket on a railroad train and pays full fare for it, under the provision of the law, he is not bound to ride on that ticket that day—he may keep his ticket and ride on it another day. You notice the distinction of what we call a first class ticket—it is one for which he pays the regular rate. The law is, on an excursion train or a special train, and where the fare is reduced, and a person buys a ticket and he agrees to use it upon a certain train, that would not be admissible, nor permissible, because that is the contract between the parties, but where he buys a ticket on a regular train, he is entitled to ride upon that at any time he sees fit to present his ticket to ride upon, unless he agrees to or signs the contract limiting it to a certain day. Now, this paper which I hold in my hand is an unsigned ticket, and if the plaintiff paid full fare for that, as alleged, and was upon the train expecting to ride upon that, he had a right to do so."

8—69

In this connection, the Court charged defendant's eleventh request to charge, as follows: "If a passenger knows of the regulations of the railroad company limiting the time within which his ticket is to be used, and accepted, he is bound thereby."

The specifications of error assigned to the charge first above quoted are: "(a) A common carried has the right to adopt and enforce reasonable regulations for the conduct of its business; the condition that a ticket can be used only upon the day of the purchase and date, is a reasonable regulation, by which the passenger is bound, whether he has actual notice thereof at the time of the purchase or not, and whether he has assented thereto or not. (b) Even if the plaintiff had no notice of the condition and was not bound thereby at the time of purchase, it should have been left to the jury to say whether he had not waived his right and acquiesced in said condition by retaining the same for eighteen months, and presenting it after he knew of the condition and after he knew that he could have redeemed the ticket not used. (c) It should have been left to the jury to say whether the plaintiff had not purposely made the trip and procured his own ejectment for the purpose of a lawsuit, and if so, he could not maintain the action."

The recent case of *Norman* v. *Southern Railway,* 65 S. C., 517, holds that a passenger paying full fare for a general ticket is not bound by limitations printed thereon, unless his attention has been called to them and he has assented thereto. The charge was in conformity with the law declared in that case. Appellant has requested that the decision in that case be reviewed. After careful consideration, we adhere to the rule therein announced.

With reference to specification b, we need only say that whether the plaintiff is bound by the time limitation on the ticket, must depend upon whether he knew of the condition and assented to it at the time of its purchase.

With reference to specification c, we may say that it does not seem to have relevancy to the rule of law which the Court

was declaring to the jury. If there was anything in the testimony warranting instruction as to plaintiff's right to maintain the action, because of his conduct or motive in procuring his ejectment, a proper request to charge should have been submitted on that contention.

3. The sixth exception imputes error in refusing to charge the jury as follows: "A railroad company is not responsible in punitive damages for the wilful or wanton act of one of its servants. To hold otherwise would deprive the railway company of its property without due process of law, in violation of the United States Constitution, 14th amendment." This Court has so frequently held that a railroad company is responsible in punitive damages for the wilful or wanton acts of its servants, resulting in injury to all passengers, that it is useless to cite authorities.

4. The remaining exception not disposed of by what has been already ruled is the seventh, which alleges error in the following charge: "If the jury believe that the defendant wilfully, wantonly or recklessly ejected plaintiff from its train on the occasion alleged in the complaint, then plaintiff is entitled to recover vindictive or punitive damages in such sum as would, in the opinion of the jury, punish the defendant for its wilful, wanton or reckless conduct." The error assigned is that it is solely a matter within the discretion of the jury whether punitive damages shall be allowed, and is not a matter of right in the plaintiff. The jury has a discretion in fixing the amount which shall be awarded by way of exemplary damages, but it is not within their discretion to refuse to award any exemplary damages when a case is made which in law justifies such damages.

The plaintiff's right to recover exemplary damages follows when he has alleged a cause of action warranting such damages, has offered evidence in support thereof, and there is no defense defeating his cause of action. Thereupon a duty devolves upon the jury to render a verdict in accordance with plaintiff's right. "Exemplary or punitive damages go to the plaintiff, not as a fine or penalty for a public wrong,

but in vindication of a private right which has been wilfully invaded; and, indeed, it may be said that such damages in a measure compensate or satisfy for the wilfulness with which the private right was invaded, but in addition thereto operates as a deterring punishment to the wrong doer, and as a warning to others." *Watts* v. *Railroad Company,* 60 S. C., 73, 38 S. E., 240; *Brasington* v. *Railroad Company,* 62 S. C., 331, 40 S. E., 660.    In *Griffin* v. *Southern Railway,* 65 S. C., 127, the Court, speaking by Mr. Justice Gary, said: "The plaintiff is as much entitled to the damages arising from an act of intentional wrong as those growing out of negligence."

The judgment of the Circuit Court is affirmed.