BEAUDROT v. SOUTHERN RY.

1. EVIDENCE—CROSS-EXAMINATION.—Exclusion of a question on cross-examination is harmless, where other evidence in case tends to show fact attempted to be thereby elicited.

2. IBID.—TRESPASS.—Defendant not charged with enforcement of rights of a third party, and not acting for his protection, cannot show in suit for trespass agreement between plaintiff and such third person as to right of way over lands.

3. DAMAGES—PUNITIVE.—In this State punitive damages are regarded

not only as punishment for wrong but as vindication of private right, and a plaintiff is entitled to such damages as matter of law when, under proper allegations and proof, he shows a wanton, wilful or malicious violation of his rights.

4. DAMAGES—PUNITIVE.—When facts necessary to constitute a wilful tort are shown, a verdict may be given for both actual and punitive damages. Can a verdict for actual damages be given in an action for wilful tort, in absence of facts showing such tort?

5. IBID.—IBID.—TRESPASS.—A trespasser, though acting in honest belief of right, may be so grossly negligent in asserting his rights, that his attempt to make good his claim by force should be regarded as a wilful and reckless invasion of the possession of the real owner.

6. NEW TRIAL.—It is not error of law to refuse a new trial based on ground that defendant acted without knowledge of plaintiff's rights, and not liable to be mulcted in punitive damages, when the jury had been properly instructed on this point and found against appellant, as to which there was some evidence.

7. IBID.—Not error to refuse new trial because trial Judge would have found a smaller verdict than jury.

Before J. A. McCULLOUGH, special Judge, Greenwood, May, 1903. Affirmed.

Action by M. A. Beaudrot against Southern Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *As to denial of right of cross-examination:* 12 S. C., 89; 35 S. C., 197; 16 S. C., 556; 25 S. C., 319; 32 S. C., 410. *Defendant has right to show agreement to use way:* 23 S. C., 1; 11 Rich., 475; 3 Kent, 452; 4 Seig. & R., 241; Wash. on Eas., 441; 3 Wyo., 513; 9 Ia., 254; 33 Ala., 578; 45 Ga., 331; 17 Ia., 109; Rice on R. P., 511; 3 Ga., 82; 12 Ga., 239; 61 S. C., 306. *As to right to exemplary damages:* 12 Ency., 2 ed., 51; Hale Dam., 212; 2 Thomp. Tr., sec. 2065; 13 How., 371; 116 U. S., 563; 1 Suth. Dam., sec. 392; 147 U. S., 107; 48 Me., 539; 83 Ky., 119; 104 Ill., 296; 4 Am. St. R., 139; 24 Am. R., 698; 66 Am. D., 600, 573; 4 Rich., 573; 11 Rich., 649; 14 Rich., 237; 2 Bail., 616; 4 Strob., 34; 21 S. C., 559; 22 S. C., 480; 28 S. C., 261; 29 S. C., 265; 35 S. C., 503; 34 S. C.,

11—69

324; 60 S. C., 67; 62 S. C.,334; 65 S. C., 1.  *Actual damages cannot be recovered in action for wilful tort without proof as to such tort:* 61 S. C., 170.  *Nor punitive damages for a grossly negligent act:* 60 S. C., 67; 35 S. C., 504; 34 S. C., 324; 165 U. S., 86; 147 U. S., 107; 26 S. E. R., 917; 115 N. C., 655; 12 S. E. R., 138; 20 S. E. R., 528; 54 S. C., 502; 12 Ency., 2 ed., 24, 25; 29 S. C., 265.

*Messrs. Sheppards & Grier,* contra.  *Mr. Grier* cites: *Cross-examination is within discretion of trial Judge:* 60 S. C., 70; 52 S. C., 377.  *Awarding punitive damages is a legal right:* 60 S. C., 330; 65 S. C., 43; 60 S. C., 56; 65 S. C., 127, 169; 52 S. C., 325.

May 11, 1904.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The plaintiff recovered a judgment in the Court of Common Pleas for $1,016.66, on account of the alleged wilful tort of the defendant in tearing down a fence on the plaintiff's land at Greenwood against her protest.  It appears from the testimony that one Murphy bought a lot of land from the plaintiff adjoining her place of residence, and he and his family for some years after the purchase were allowed the privilege of passing over plaintiff's adjoining land in order to reach the railroad crossing.  On account of some dispute between the children of the two families, the plaintiff built the fence to her line, thus preventing Murphy from passing over her land to the crossing at that point.  Murphy then undertook to acquire a right of way under section 1175 of the Revised Statutes of 1893, but his proceeding was enjoined by a judgment of the Circuit Court, affirmed by this Court, August 6, 1898.  The defendant, on July 17, 1899, wrote the husband of the plaintiff that the fence stood on its right of way, requesting its removal, in order that Murphy might use the crossing , and expressing its purpose to remove the fence at Beaudrot's expense, unless he removed it himself within ten days.  Mrs.

Beaudrot answered the letter, asserting that the fence was on her own land and forbidding the defendant to enter her land or interfere with the fence. The defendant's section master nevertheless entered and tore down about six panels of the fence, but upon plaintiff's husband coming up and protesting, he desisted. The section master came again on the following morning to complete his work, but was prevented from carrying out his purpose by the attitude of Mrs. Beaudrot. The actual damage was about $2.50.

Thereafter, in 1899, the defendant, Southern Railway Company, brought its action against the plaintiff to require her to remove her fence, alleging it was located on its right of way. It failed to establish this allegation and lost the case. A few months after the entry of the judgment establishing the right of the plaintiff, Mrs. Beaudrot, to the land on which the fence stood, this action was instituted to recover damages for the trespass, the allegation being that the entry on plaintiff's land and tearing down her fence was a wanton, wilful, malicious and high-handed invasion of her rights.

In the first ground of appeal the defendant assigns error in the exclusion of the question asked Mrs. Beaudrot on cross-examination: "How long had Mr. Murphy been using that as a way for getting to town?" While nothing is more important to the discovery of truth in the trial of a cause than the right of cross-examination, its limits must be left largely to the discretion of the presiding Judge. The defendant suffered no injury from excluding the question, because, even if her answer had been material, the witness had just before admitted that she had allowed Murphy to cross for some years previous to the building of the fence. If the answer to the question would have tended to show, as defendant insists, that the fence was put up for the purpose of preventing Murphy from crossing the land, we think the other evidence could not have failed to convince the jury that this was plaintiff's purpose.

The presiding Judge also excluded the question: "At the time you sold to Mr. Murphy, did you not declare to him that

he should have the right to go through there?" and this ruling is made the subject of the second exception.  If the suit had been against Murphy for removing the fence, the question would have been relevant, but we fail to see how it would avail the defendant as a defense to its trespass.  It was not charged with the enforcement of Murphy's rights, and could not defend on the ground that it was acting for his protection.

The defendant next takes the position that punitive damages in all cases may be allowed or not, in the discretion of the jury but can never be claimed as a matter of right; and that, therefore, the presiding Judge erred in charging the jury that if they found the trespass had been committed, and "that it was wilful, wanton, malicious and in a high-handed manner, then you are entitled and it will be your duty to assess such damage in addition to the actual damage as would punish it for such conduct."

There are a great number of cases in other jurisdictions which lay down the rule stated by defendant.  In some of these cases will be found much looseness of expression on the subject, and in very few of them is there anything more than a statement of the rule, with no attempt to support it by reason.  In some instances, the rule seems to be placed on the ground that punitive damages really originated with the jury when they undertook to render verdicts beyond the actual damage in cases of malice or oppression, which the Judge regarding just, refused to disturb, though the instructions to the jury did not warrant such damages.  This seems at best entitled to little consideration; and whatever force it had was lost when later the instructions to the jury expressly authorized as a matter of law, the asseessment of such damages.

It has been said in other cases that allowing or refusing any damages of a punitive character must rest in the discretion of the jury entirely, because the Judge could not give them any rule for ascertaining such damages, but is obliged to leave the jury to their own sense of propriety.  Inasmuch

as the amount of the damages is necessarily left to the jury, this seems altogether unsound as a reason for leaving it to the jury to decide whether the legal conditions exist upon which such damages should rest.

The only real foundation, as it seems to us, upon which the rule could be placed, is that such damages should be allowed only as a punishment and not as a compensation to the person injured, and, therefore, such person had no legal right to demand punishment of the wrong-doer, that being altogether a matter of public concern.

Punitive damages have now come, however, to be generally, though not universally, regarded not only as punishment for wrong, but as vindication of private right. This is the basis upon which they are now placed in this State. When this is once admitted, as indicated by Mr. Justice Jones, in *Dagnall* v. *Railway Co., ante,* 110, it logically, follows that the plaintiff is entitled to such damages, when under proper allegations in an action of tort he proves a wanton, wilful, or malicious violation of his rights. The question has really been settled in this State against the view of the defendant, by *Appleby* v. *Railway Co.,* 60 S. C., 56, 38 S. E., 237; *Brasington* v. *Railway Co.,* 62 S. C., 330, 40 S. E., 665; *Oliver* v. *Railway Co.,* 65 S. C., 1; *Griffin* v. *Railway Co.,* 65 S. C., 127; and these cases have been recently reaffirmed in *Dagnall* v. *Railway Co., ante,* 110; and *Miller* v. *Railway Co., ante,* 116.

While we are bound by these decisions, the interesting argument of defendant's counsel seemed to justify this brief discussion.

The defendant next submits the Circuit Judge was in error in refusing to charge that, "If the jury believe from the evidence that the plaintiff had erected a fence upon what defendant claimed was its right of way, and that the defendant, in good faith, believing that such fence was upon its right of way and that it had a right to remove it, did so without malice, wantonness or oppression, they should find a verdict for the defendant."

The defendant's argument is that in refusing to charge this proposition on the ground that it ignored the element of actual damages, the presiding Judge in fact charged that a verdict for actual damages could be found in an action for wilful tort, though the facts constituting the wilful tort were found not to exist. If the verdict had been for actual damages only, this exception would raise quite a serious question, but its vitality is destroyed by the finding of a verdict for punitive damages, because that finding implies the existence of the facts necessary to constitute a wilful tort, and it is conceded when such facts are established the verdict may be for both actual and punitive damages. The sixth exception is, therefore, overruled.

In the course of his charge the Circuit Judge said: "If you come to the question of punitive damages, the purpose of the law, if the plaintiff makes out her case, is to punish the other party, and the amount of actual damages cuts, so to speak, or might cut, a very little figure in the case. If they are entitled to punitive damages, then you will assess such an amount as will punish them for their wanton and malicious conduct." This was correct as a general statement of the law, and we do not think can be fairly construed to mean, as defendant contends, that the jury should not take into consideration the insignificance of the actual damages in fixing the amount of punitive damages.

It is next insisted the Circuit Judge committed error of law in refusing the motion for a new trial on the ground that the verdict for punitive damages could be supported by proof of gross negligence and without proof of malice, and when the trespasser was acting in good faith in the attempted enforcement of a supposed right. The opinion of the Circuit Judge stated on this subject in refusing the motion for a new trial was that a trespasser, though acting in honest belief of right, might be so grossly negligent in ascertaining his rights that his attempt to make good his claim by force should be regarded a wanton and reckless invasion of the possession of the real owner. This

was a correct statement of the law. *Proctor* v. *Railway Co.,* 61 S. C., 189, 39 S. E., 351; *Boyd* v. *Railway Co.,* 65 S. C., 330.

The defendant next alleges "Error of the presiding Judge in refusing the motion for a new trial, and in holding: 'The Southern Railway Company is the acknowledged successor of the Richmond and Danville; I think, therefore, that inasmuch as a corporation can only act through its officers and agents, that it is chargeable with the knowledge of the acts of its officers and agents prior to the occurrence in question.' In other words, it is admitted here, that by agreement with the Richmond and Danville Company, the line was indicated, and that act would bind the Richmond and Danville and its successors for all time, and their successors and agents must be chargeable with knowledge of such admission." This was admitted to be correct as a general statement of the law; and it was not error of law to refuse the motion for a new trial based on the ground that the defendant, as successor to the Richmond and Danville Railroad Company, may have acted without knowledge of plaintiff's rights, because the jury had found expressly against the defendant on the issue of the knowledge of plaintiff's right, for the verdict was reached after the following instruction: "At the time alleged in the complaint, did the Southern Railway Company commit the act in a malicious, wanton, and high-handed manner? Now, you must determine that from the testimony. I am not allowed to express an opinion along that line. I charge you that if you believe the Southern Railway Company did not act in such a manner, but if it acted in good faith, under what it supposed to be its right at that time, then you cannot punish it, if you believe that, because the law only punishes the malicious, or wanton, or wilful conduct of a party." It is not claimed that there was an entire absence of evidence from which the jury could infer reckless or wanton invasion of the plaintiff's rights.

Lastly, the defendant charges "Error of the presiding

Judge in not granting a new trial *nisi,* after expressing his opinion that the verdict was very large, more than twice as much as he would have assented to, if he had been on the jury." It is too well established for discussion that a trial Judge is not required as a matter of law to grant a new trial merely because his finding would have been different from the verdict of the jury.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.