330 F.2d 447
 Joseph N. KUSHNER, Administrator of the Estate of Carol Roan
Palmer, deceased, Appellant,
v.
Raley LEGETTE, International Paper Company, Inc., C. M.
Fullwood and Canal Wood Corporation, Appellees.
 No. 9165.
 United States Court of Appeals Fourth Circuit.
 Argued Nov. 4, 1963.
Decided April 8, 1964.
 
 1
 Benny R. Greer, Darlington, S.C. (James P. Mozingo, III, and Greer & Chandler, Darlington, S.C., on brief), for appellant.
 
 
 2
 H. T. Abbott, Conway, S.C., and P. H. McEachin, Florence, S.C., for appellees.
 
 
 3
 Before HAYNSWORTH and BRYAN, Circuit Judges, and HUTCHESON, District judge.
 
 
 4
 STERLING HUTCHESON, District Judge.
 
 
 5
 This action involves a collision between a passenger automobile and a logging truck on U.S. Highway 17 in Georgetown County, South Carolina, at a point where that highway is intersected by State Highway 544. The logging truck driven by the defendant, Raley Legette, was proceeding along State Highway 544 to the intersection. The four occupants of the passenger automobile were killed in the collision.
 
 
 6
 This action was against the driver of the truck, the registered owner of the truck, C. M. Fullwood, The Canal Wood Corporation and International Paper Company.
 
 
 7
 International Paper Company was the owner of a tract of timber land, known as the E. A. Johnson Tract, and previsously had sold to Canal Wood Corporation, a dealer in pulpwood, a portion of the pine trees located on the land. Canal Wood Corporation thereafter executed a pulpwood sale agreement with C.M. Fullwood, who was engaged in the business of cutting and hauling pulpwood. Under that agreement Fullwood was to pay to Canal $3.50 per cord for pulpwood cut from the tract. Legette, the driver of the truck, was employed by Fullwood. Under the agreement between Canal and Fullwood, Fullwood had the right to sell the pulpwood to anyone he chose. However, Canal, which was in the pulpwood business but conducted no logging operations, re-purchased the pulpwood from Fullwood, who delivered it to the International Paper Company mill in Georgetown, South Carolina. Fullwood received $15.50 per cord for the wood so delivered each week, from which Canal deducted the amount due at $3.50 for each cord delivered. This resulted in Fullwood receiving $12.00 per cord as his profit from cutting and delivering the pulpwood. During the course of business, Canal made advances to Fullwood for operating expenses, such as truck repairs, insurance premiums and loans. Canal sold two trucks to Fullwood, including the one involved here, on installment payments and kept records of the transactions between it and Fullwood. Fullwood also owned a tractor and two chain saws and employed three men including Legette.
 
 
 8
 Fullwood's brother, A. F. Fullwood, worked for Canal as a field man at the time. He negotiated with Fullwood with reference to the purchase of the timber and dealt with him as a representative of Canal. The brother went to the tract with Fullwood and showed him and his employees the boundaries. During the operations, A. F. Fullwood frequently visited the tract to be certain that cutting was in accordance with the sales agreement and that no trees were cut beyond the boundary of the tract. There is no evidence that he exercised any control over Fullwood or his employees.
 
 
 9
 The trial court dismissed International Paper Company as a party and the case proceeded to judgment against Legette and Fullwood and in favor of Canal.
 
 The plaintiff contends:
 
 10
 1. That the court erred in finding that Legette and Fullwood were not acting as agents, servants or employees under the direction and control of Canal.
 
 
 11
 2. That the court erred in refusing to allow certain cross-examination of A. F. Fullwood, the brother of C. M. Fullwood, and an employee of Canal.
 
 
 12
 3. That the court erred in refusing to award punitive damages because the court found that Fullwood and Legette were guilty of negligence, willfulness and recklessness in the operation of the truck, in that it was being operated without proper brakes, in failing to stop in compliance with the road sign, and in failing to apply the emergency brakes.
 
 
 13
 The law in South Carolina, as stated in Gomillion v. Forsythe,218 S.C. 211, 62 S.E.2d 297 at page 304, 53 A.L.R.2d 169, dealing with an independent contractor, is stated as follows:
 
 
 14
 'An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer except as to the result of his work; an independent contractor is not a servant, and there is no master and servant relation between his servants and the employer or contractee'.
 
 
 15
 When the facts in this case are viewed in the light of the quoted South Carolina law, it is clear that there was no master and servant relationship between Fullwood and Legette on the one part and Canal on the other. Canal was engaged in the buying and selling of pulpwood. It was not engaged in logging operations. It was the owner of certain standing timber suitable for pulpwood.
 
 
 16
 Fullwood was engaged in logging operations. He had purchased pulpwood from other persons, some of which he sold to Canal in the form of logs which he delivered to International Paper Company. His employees, including the driver of the truck, were hired and paid by him. Each week there was a settlement between Fullwood and Canal in which Canal paid for the wood delivered to Georgetown at an agreed price, from which the $3.50 per cord was deducted. By delivering it to Georgetown, Fullwood received $1.00 per cord more than he would have received elsewhere and Georgetown was nearer the scene of operations. His employees were instructed and supervised by him alone. He maintained his equipment; carried insurance on his employees; and paid social security on them. There is no evidence from which it might be reasonably inferred that Fullwood was not an independent contractor. The contentions of the plaintiff that Fullwood was an employee of Canal because the agreement between Canal and International prohibits its assignment of their contract without prior written consent of International; that Canal under that contract was obligated to not damage land and other standing timber and to take certain other precautions, shows the title to the pulpwood remained throughout in Canal, are without merit. If Canal breached its contract with International, no one can be heard to complain except International. Certainly it created no privity between the plaintiff and Fullwood, the buyer of the standing timber involved in that contract.
 
 
 17
 We have examined the record concerning the assignment of error relating to cross-examination of A. F. Fullwood and conclude that it likewise is without merit. The ruling of the court did not deny plaintiff the right of cross-examination concerning the relationship of A. F. Fullwood and Legette regarding business of Canal which A. F. Fullwood had with Legette. The only object that examination could have resulted in was to cast some insinuations concerning social relations between A. F. Fullwood and Legette, which had no place in the record. The court acted within its discretion in limiting the cross-examination.
 
 
 18
 The final question raised by Appellant involves the failure of the District Court to allow punitive damages.
 
 
 19
 The Findings of Fact filed by the Court recite that:
 
 
 20
 'As Legette approached the intersection of Highways 17 and 544, he applied his brakes in order to bring the truck to a stop in compliance with the stop sign, but the brakes failed. Legette then attempted to slow the vehicle by down-shifting to extreme low but could not get the gear engaged so he then put the gear in reverse. The maneuver snapped or broke the drive shaft and the truck continued on its course toward Highway 17. Although the truck was equipped with emergency brakes, Legette did not attempt to use them. At the time the truck reached Highway 17, it was traveling at approximately twenty-five miles per hour. The truck crashed into the Cadillac automobile in which the decedent was riding, resulting in her death.'
 
 
 21
 In The Conclusions of Law the Court held that:
 
 
 22
 'C. M. Fullwood and Raley Legette were guilty of negligence, willfulness, and recklessness in the operation of the 1957 Chevrolet pulpwood truck which collided with the automobile in which the decedent was riding in that the truck was being operated without proper brakes, in failing to stop in compliance with a stop sign, and in failing to apply the emergency brakes.'
 
 
 23
 The rule of law in South Carolina is that when a plaintiff proves a willful, wanton or reckless violation of his rights, he is entitled to an award of punitive damages. Atlantic Coast Line Railroad Company v. Bennett, 4 Cir., 251 F.2d 934; Beaudrot v. Southern Ry. Co., 69 S.C. 160, 48 S.E. 106; Dagnall v. Southern Railway Co., 69 S.C. 110, 48 S.E. 97; Appleby v. South Carolina Railway Co., 60 S.C. 48, 38 S.E. 237; Brasington v. South Bound Railway Co., 62 S.C. 325, 40 S.E. 665; Oliver v. Columbia Railway Co., 65 S.C. 1, 43 S.E. 307; Griffin v. Southern Railway Co., 65 S.C. 122, 43 S.E. 445; Jumper v. Goodwin, 239 S.C. 508, 123 S.E.2d 857 and Saxon v. Saxon, 231 S.C. 378, 98 S.E.2d 803.
 
 
 24
 In the instant case the judgment was awarded against the defendants, Legette and Fullwood. Neither of these parties was represented on appeal and no argument on this point was made by Canal Wood Corporation because there was no verdict for damages found against it. Since the contention of the Appellant was not answered, there has been before this court no discussion of the intention and effect of the subsidiary findings of the District Court.
 
 
 25
 In view of the state of the record, the case is remanded to the District Court for the entry of final judgment in favor of Canal Wood Corporation and with instructions to consider the effect of the subsidiary findings, with leave to amend or change such findings in any way it may be deemed proper and to award punitive damages against Legette and Fullwood if such findings as revised or amended require such an award under the law of South Carolina.
 
 
 26
 Affirmed in part and remanded with instructions.